JOSEPH M. WARD, Plaintiff v. JERRY LYALL, Individually and as agent and director of O'BERRY CENTER, Defendant

No. COA96-551

(Filed 1 April 1997)

**1. Limitations, Repose, and Laches § 145 (NCI4th)— federal action dismissed—motion to amend order—limitation period not further tolled**

Although the statute of limitations for plaintiff's defamation action was tolled from the time defendant filed federal claims and a pendent state action for defamation in a federal district court until the Fourth Circuit affirmed the district court's dismissal of the federal action, the tolling period was not extended by plaintiff's filing of a motion to amend the federal court order of dismissal to allow him one year to refile his state law claim because (1) plaintiff did not seek to amend the federal court order until after he had filed the defamation action in state court, and (2) the motion to amend would not have kept his federal court action alive even if he had filed it prior to instituting the present action since plaintiff was not entitled to amend the federal order as a matter of right and the outcome of his motion was uncertain.

Am Jur 2d, Limitation of Actions §§ 306, 307.

**2. Pleadings § 63 (NCI4th)— Rule 11 sanctions—summons and complaint—beyond the scope of Rule 11**

It was improper for the trial court to impose Rule 11 sanctions against plaintiff for his failure to promptly serve his summons and complaint, as it did not involve the filing of a pleading or other paper and was therefore beyond the scope of Rule 11.

Am Jur 2d, Pleadings §§ 351, 355 et seq.

Comment Note—General principles regarding imposition of sanctions under Rule 11, Federal Rules of Civil Procedure. 95 ALR Fed. 107.

Procedural requirements for imposition of sanctions under Rule 11, Federal Rules of Civil Procedure. 100 ALR Fed. 556.

Appeal by plaintiff from orders entered 14 August 1995 and 15 August 1995 by Judge W. Russell Duke, Jr. in Carteret County Superior Court. Heard in the Court of Appeals 29 January 1997.

*Paul W. White and Joseph M. Ward for plaintiff-appellant.*

*Attorney General Michael F. Easley, by Assistant Attorney General Victoria L. Voight, for defendant-appellee.*

LEWIS, Judge.

Plaintiff commenced this defamation action on 19 April 1994. Defendant moved to dismiss the claim and requested that the trial court sanction plaintiff for violations of Rules 4 and 11 of the North Carolina Rules of Civil Procedure. The trial court granted these motions, dismissed plaintiff's case and ordered him to pay $8,500 in monetary sanctions for Rule 11 violations. Plaintiff appeals.

A complete recitation of the facts giving rise to this appeal is unnecessary because its resolution turns solely on procedural grounds. The relevant portions of the procedural history are as follows:

On 27 September 1990, plaintiff filed an action in federal district court alleging various federal claims and a pendent state law claim for defamation arising out of actions occurring in September and October 1989. On 7 November 1991, the district court dismissed plaintiff's federal claims for lack of jurisdiction and failure to state a claim and therefore also dismissed his pendent state law claim for lack of subject matter jurisdiction. The Fourth Circuit, by decision entered 20 April 1993, affirmed.

On 19 April 1994, plaintiff filed the current action in Carteret County Superior Court alleging defamation based on the same factual allegations as were alleged in the federal action. On 28 April 1994, he moved to amend the federal court order to specifically allow him one year to refile his state law claim. This motion was determined moot by the federal district court on 6 June 1994. On 1 December 1994, defendant moved to dismiss and for sanctions in the present action. The trial court granted both motions.

[1] On appeal, plaintiff first argues that the trial court erred in granting defendant's motion to dismiss. Since the trial court correctly determined that plaintiff's claim was time-barred, we find this argument without merit.

Defamation has a one year statute of limitations. N.C. Gen. Stat. § 1-54(3) (1996). However, "filing an action in federal court which is based on state substantive law [tolls] the statute of limitations while

that action is pending." *Clark v. Velsicol Chemical Corp.*, 110 N.C. App. 803, 808, 431 S.E.2d 227, 229 (1993), *aff'd per curiam*, 336 N.C. 599, 444 S.E.2d 223 (1994).

The actions giving rise to plaintiff's alleged defamation action occurred in September and October 1989. Plaintiff filed his federal action, including the pendent state law defamation claim, on 27 September 1990. The statute of limitations was then tolled on the defamation claim until the Fourth Circuit affirmed the district court's dismissal of the federal action on 20 April 1993. However, the statute had clearly run prior to plaintiff's filing of the present action on 19 April 1994.

Plaintiff argues that the statute was still tolled at the time he filed this action because on 28 April 1994 he petitioned the federal court to amend its order to allow him one year to refile his state court claim. There are two fatal flaws in plaintiff's argument.

First, he did not seek to amend the federal court order until over a week after he had already filed the present action, over a year after the federal order was entered. Therefore, when he filed the complaint in this matter, nothing was pending before the federal courts in the prior action; the action was already dead.

Second, even if plaintiff did not have a timing problem, his motion to amend would not serve to extend the tolling period. This Court's decision in *Clark* is instructive. In that case, the plaintiff argued that his federal claim was still alive because his petition for writ of certiorari to the United States Supreme Court was still pending. *Id.* This Court held that since a petition for writ of certiorari is not an appeal of right and its outcome is uncertain, an action does not survive for purposes of tolling the statute of limitations while such a petition is pending. *Id.*, 431 S.E.2d at 229-30.

Likewise, in the present case, plaintiff was not entitled to amend the federal order as a matter of right and the outcome of his petition was uncertain. Following the reasoning set forth in *Clark*, we conclude that his petition to amend would not have kept his federal court action alive even if he had filed it prior to instituting the present state action. Therefore, the statute of limitations bars this matter and the trial court properly dismissed the complaint.

[2] Plaintiff also argues on appeal that the trial court erred in allowing defendant's motion for Rule 11 sanctions. The trial court sanctioned plaintiff under Rule 11 because he knew or should have known

that: 1) the factual allegations of his complaint were not well-founded, 2) the claim was time-barred, and 3) his failure to promptly serve the summons and complaint deprived defendant of due process.

Our review of the propriety of imposing sanctions is *de novo.* *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). It is our job to determine "(1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence." *Id.* If so, we must uphold the trial court's decision to impose or deny sanctions. *Id.*

After careful review of the trial court's findings and conclusions, we conclude that sanctions were properly imposed upon plaintiff for the first two of the three above-mentioned reasons. However, we determine that the trial court erred in imposing sanctions on plaintiff for his failure to promptly serve the summons and complaint.

By its terms, Rule 11 applies only to signed pleadings, motions or other papers. *See Landon v. Hunt*, 938 F.2d 450, 452-53 (3rd Cir. 1991); *see also Turner*, 325 N.C. at 164, 381 S.E.2d at 713) (recognizing that decisions under federal Rule 11 are instructive when interpreting North Carolina's rule). "Rule 11 is not a panacea intended to remedy all manners of attorney misconduct . . . ." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829 (9th Cir. 1986), *abrogated on other grounds, Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 L. Ed. 2d 359 (1990). We hold that it was improper for the trial court to impose Rule 11 sanctions on plaintiff for his failure to promptly serve the summons and complaint, as it did not involve the filing of a pleading or other paper and was therefore beyond the scope of Rule 11.

The trial court's order states that it arrived at the appropriate monetary sanction imposed upon plaintiff by generally considering, *inter alia*, the severity of the violations and the amount necessary to deter further misconduct. Since the trial court did not impose separate sanctions for each type of misconduct, it is impossible for us to determine how much of the $8,500.00 in monetary sanctions stemmed from the trial court's improper sanctioning of plaintiff for his actions in serving the summons and complaint. For this reason, we remand this matter to the trial court for a new hearing to determine the appropriate amount of sanctions to be imposed under Rule 11.

In conclusion, we affirm the trial court's dismissal of plaintiff's action because it is barred by the statute of limitations. We also affirm the award of sanctions on all grounds enumerated by the trial court except those relating to the timing of service, which we reverse. We remand to the trial court for a hearing to determine the proper amount of sanctions.

Affirmed in part, reversed in part and remanded.

Judges WALKER and MARTIN, MARK D. concur.