PAUL D. WILLIAMS, Individually, and PAUL D. WILLIAMS, as Guardian Ad Litem of KIMBERLY PAULA WILLIAMS, A Minor, Plaintiffs v. KENNETH HINTON, Administrator of Estate of the Late IRMA CYNTHIA PERRYMAN, CORINE MAYO JONES, Administrator of the Estate of the Late JAMES JUNIOR JONES, and SMITH TRANSFERS, INC., Defendants

No. COA96-1422

(Filed 16 September 1997)

**1. Pleadings § 63 (NCI4th)— attorney scheduling conflict— failure to notify—Rule 11 sanctions improper**

It was improper for the trial court to impose Rule 11 sanctions on plaintiffs' attorney for his failure to timely notify the trial court and defense counsel of his scheduling conflict since his failure to notify did not involve the filing of a pleading, motion or other paper.

**2. Pleadings § 63 (NCI4th)— calendar notices—service on defendants—Rule 11 sanctions improper**

Plaintiffs' attorney's failure to serve calendar notices on defense counsel rather than on defendants did not violate the Code of Professional Responsibility or the Rules of Civil Procedure and did not support the imposition of Rule 11 sanctions on the attorney.

**3. Pleadings § 63 (NCI4th)— noncompliance with subpoena duces tecum—Rule 11 sanctions inappropriate**

Failure of plaintiff's attorney to comply with a subpoena *duces tecum* served on plaintiff's wife was beyond the scope of Rule 11 sanctions since defendants' remedy, if any, for this conduct would have been a motion to compel under N.C.G.S. § 1A-1, Rule 26.

**4. Pleadings § 63 (NCI4th)— voluntary dismissal—claim not frivolous—Rule 11 sanctions inappropriate**

The taking of a voluntary dismissal of plaintiffs' claim on the first date set for trial did not warrant Rule 11 sanctions against plaintiffs' attorney where the attorney filed the voluntary dismissal before resting his case, and plaintiffs' claim was apparently not frivolously filed.

**5. Pleadings § 63 (NCI4th)— failure to timely serve UM carrier—noncompliance with pre-trial order request—Rule 11 sanctions inappropriate**

The trial court erred by imposing Rule 11 sanctions against plaintiffs' attorney for failure to timely serve the summons and complaint on the uninsured motorist carrier and failure to comply with a request for a proposed pre-trial order since the attorney's conduct did not involve the filing of a pleading, motion or other paper.

Appeal by plaintiffs' attorney from order assessing Rule 11 sanctions against counsel entered 2 August 1996 by Judge Wiley F. Bowen in Harnett County Superior Court. Heard in the Court of Appeals 20 August 1997.

*Brenton D. Adams, pro se.*

*Ragsdale, Liggett & Foley, by David K. Liggett, for defendant appellees.*

SMITH, Judge.

This case arises as a result of an automobile accident occurring on 11 May 1993 between plaintiff Paul Williams and defendants' decedents, Irma Cynthia Perryman and James Junior Jones. The case was originally filed on 6 October 1994. Plaintiffs took a voluntary dismissal without prejudice on 14 August 1995. The instant action was refiled on 8 November 1995.

Thereafter, plaintiffs' attorney (hereinafter "appellant") filed a calendar notice in Harnett County Superior Court on 15 February 1996 requesting a jury trial for the term beginning 25 March 1996. Appellant served the calendar notice directly on the named defendants. Defense counsel asked appellant to send future correspondence to defense counsel. On 25 March 1996 appellant filed a calendar request for a jury trial the week of 6 May 1996. Although defense counsel had requested appellant to send correspondence to defendants' counsel, this notice was again served directly on defendants. The case was eventually set for trial on 6 May 1996.

In the meantime, on 8 April 1996 appellant filed a motion for substitution of counsel for a different case in Guilford County Superior Court. The motion was granted on 16 April 1996 allowing appellant to

appear as counsel. That case was scheduled for trial on 6 May 1996, the same day as the instant case. Appellant did not notify the Harnett County Superior Court or defense counsel of this conflict until 26 April 1996. Based on the conflict in dates, appellant filed a motion to continue the present case. On 23 May 1996, Judge Bowen entered Summary Judgment for defendants Corine Mayo Jones and Smith Transfers, Inc.

Subsequently, on 7 June 1996 defense counsel filed a motion for Rule 11 sanctions against appellant. In support of the motion, defendants claimed appellant: (1) failed to timely notify the trial court and defense counsel of his scheduling conflict on 6 May 1996; (2) failed to notify defense counsel of calendar notices, but instead served defendants directly despite defense counsel's requests; (3) failed to comply with a 16 April 1996 *subpoena duces tecum* on plaintiff's wife to secure tax records of plaintiff; (4) calendared this action for trial beginning 6 May 1996 without being prepared, and additionally for substituting himself as counsel in another case rendering defense counsel's trial preparation unnecessary; and (5) other objectively unreasonable conduct under the circumstances throughout the duration of the litigation. This motion for sanctions was granted 2 August 1996. The trial court entered an order instructing appellant to pay $2,405.25. Appellant appeals from this decision.

This Court reviews the propriety of imposing sanctions *de novo*. *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). *De novo* review by an appellate court involves a determination of: (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. *Id.* If these elements are met, the trial court's decision to impose or deny sanctions is upheld. *Id.* The totality of the circumstances determine whether Rule 11 sanctions are merited. *Carter v. Stanly County*, 125 N.C. App. 628, 636, 482 S.E.2d 9, 13-14 (citing *Mack v. Moore*, 107 N.C. App. 87, 94, 418 S.E.2d 685, 689 (1992)), *disc. review denied*, 346 N.C. 276, 487 S.E.2d 540 (1997).

There are three separate and distinct issues to Rule 11 including: (1) legal sufficiency; (2) factual sufficiency; and (3) improper purpose. *Bryson v. Sullivan*, 330 N.C. 644, 655, 412 S.E.2d 327, 332 (1992). A violation of any one of these three is sufficient to support sanctions under Rule 11.

**[1]** In support of Rule 11 sanctions, defendants claim appellant failed to timely notify the trial court and defense counsel of his scheduling conflict on 6 May 1996. According to a prior decision of this Court, Rule 11 applies only to signed pleadings, motions or other papers. *Ward v. Lyall*, 125 N.C. App. 732, 735, 482 S.E.2d 740, 742, *disc. review denied and appeal dismissed*, 346 N.C. 290, 487 S.E.2d 573 (1997). This Court has pointed out that " 'Rule 11 is not a panacea intended to remedy all manner[] of attorney misconduct. . . .' " *Id.* (quoting *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829 (9th Cir. 1986), *abrogated on other grounds, Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 L. Ed. 2d 359 (1990)). We note, however, that the trial judge and counsel did not have the benefit of *Ward v. Lyall*, as *Ward* was filed approximately ten months after the trial court's order in the instant case. We hold it was improper for the trial court to impose Rule 11 sanctions on appellant in the case *sub judice* based on appellant's conduct in failing to notify, since it does not involve the filing of a pleading, motion, or other paper. Thus, failure to timely notify is beyond the scope of Rule 11.

**[2]** Second, defense counsel argues that appellant failed to notify defense counsel of calendar notices. Instead, appellant repeatedly served defendants directly, despite defense counsel's requests to the contrary. This service did not violate North Carolina Rule of Professional Conduct Canon VII, Rule 7.4, since the service did not involve communication as contemplated in this rule. In addition, the Rules of Civil Procedure expressly allow service "upon either the party, or, unless service upon the party himself is ordered by the court, upon his attorney of record." N.C. Gen. Stat. § 1A-1, Rule 5(b) (1996 Cum. Supp.). However, "[t]he conduct of the lawyers before the court and with other lawyers should be characterized by candor and fairness." General Rules of Practice for the Superior and District Courts, Rule 12 (1997). Although appellant should have honored defense counsel's request concerning future notices with more respect as contemplated in Rule 12, he did not violate the Code of Professional Responsibility or the Rules of Civil Procedure.

Furthermore, finding of fact #9 states defendants' counsel received a copy of the notice only after requesting it from appellant's office. However, a letter included in the record dated 20 March 1996 states defense counsel received a copy of the calendar request from her client. Therefore, defense counsel had ample notice of the calendar request and sanctions should not be based on this finding of fact.

**[3]** Third, defendants argue appellant failed to comply with the 16 April 1996 *subpoena duces tecum* on plaintiff Paul Williams' wife to secure tax records of Williams. Again, this argument involves only conduct. Therefore, this conduct is beyond the scope of Rule 11 as well. Defendants' remedy, if any, for this conduct would be a motion to compel under N.C. Gen. Stat. § 1A-1, Rule 26 (1990).

Defendants also argue that appellant calendared this action for trial beginning 6 May 1996 without being prepared, rendering defense counsel's trial preparation unnecessary. At the time appellant signed the calendar request on 21 March 1996, he was not involved in the case in Guilford County on 6 May 1996. Therefore, appellant could have been ready for trial at the time he signed the Calendar Request form.

**[4]** Finally, defense counsel argues sanctions should be imposed based on other objectively unreasonable conduct under the circumstances throughout the duration of the litigation. One of these alleged circumstances involves appellant taking a voluntary dismissal on 14 August 1995, the first date set for trial. A plaintiff may voluntarily dismiss his suit, without order of the court, by filing a notice of dismissal at any time before resting his case. *Carter v. Clowers*, 102 N.C. App. 247, 251, 401 S.E.2d 662, 664 (1991); *see also* N.C. Gen. Stat. § 1A-1, Rule 41 (1990). This rule provides dismissal is without prejudice, unless otherwise stated, allowing plaintiff to commence a new action based on the same claim within one year. *Id.* In this case, appellant apparently did not file a frivolous lawsuit requiring him to dismiss the case. Appellant voluntarily dismissed on the date of trial after his realization on 9 August 1995 that he had included the wrong uninsured motorist carrier. Since appellant filed his claim for voluntary dismissal before resting his case and the claim was apparently not frivolously filed, he has not violated any rule. Therefore, Rule 11 sanctions are inappropriate for this conduct.

**[5]** In addition, defendants argue that even though appellant advised the uninsured motorist carrier Harleysville of the pending claim, appellant failed to timely serve Harleysville with a complaint and summons. Sanctions were imposed by the trial court partly for this failure to timely serve. It is "improper for the trial court to impose Rule 11 sanctions on [appellant] for his failure to promptly serve the summons and complaint, as it did not involve the filing of a pleading or other paper and was therefore beyond the scope of Rule 11." *Ward*, 125 N.C. App. at 735, 482 S.E.2d at 742.

Defense counsel also claims appellant failed to comply with a request for a proposed pre-trial order. As noted previously, it is improper for the trial court to impose Rule 11 sanctions based on appellant's conduct, since it does not involve the filing of a pleading, motion, or other paper. Even though we hold appellant's conduct does not fall within the parameters of Rule 11, the trial courts have ample power to control the conduct of attorneys through either the inherent power to discipline attorneys or by the use of contempt powers, or both, after proper notice and opportunity to be heard. In addition, the courts also have the power to insure that counsel obtains no advantage over an adversary by use of the court's authority to schedule and continue cases.

For the foregoing reasons, the decision of the trial court is

Reversed.

Judges LEWIS and JOHN concur.