DONALD J. GOLDS, Plaintiff-Appellee v. CENTRAL EXPRESS, INC., a Missouri Corporation, CENTRAL EXPRESS, an unincorporated association, partnership, or proprietorship, and DENNIS L. JENNY, Defendants-Appellants

No. COA00-536

(Filed 3 April 2001)

**1. Appeal and Error— appealability—denial of motion to dismiss for lack of jurisdiction**

The denial of a motion to dismiss for lack of jurisdiction is immediately appealable.

**2. Jurisdiction— personal—prima facie proof**

The trial court erred by denying a motion to dismiss for lack of personal jurisdiction over the nonresident defendant where the complaint did not state the section of the long-arm statute under which jurisdiction was obtained or allege facts as to activity being conducted in North Carolina by defendant at the time of service of process, and a review of the record and complaint showed that plaintiff failed to meet his burden of proving prima facie a statutory basis for personal jurisdiction. N.C.G.S. § 1-75.4.

**3. Pleadings— Rule 11 sanctions**

The trial court did not err by denying a motion for Rule 11 sanctions for a complaint filed in North Carolina arising from an automobile accident in Louisiana.

Appeal by defendants from judgment entered 2 March 2000 by Judge Claude S. Sitton and filed 3 March 2000 in Burke County Superior Court. Heard in the Court of Appeals 5 February 2001.

*Kuehnert Bellas & Bellas, PLLC, by Eric R. Bellas, for plaintiff-appellee.*

*Patton, Starnes, Thompson, Aycock, Teele & Ballew, P.A., by Larry A. Ballew, for defendants-appellants.*

WALKER, Judge.

Plaintiff, a North Carolina resident, filed an action against Central Express, Inc. (defendant Central Express) and Dennis L. Jenny (defendant Jenny) on 6 January 2000, alleging negligence on the part of defendant Jenny resulting from an automobile accident. In his complaint, plaintiff sought damages for personal injury and property loss.

The accident occurred on 7 January 1998 around 7:08 p.m. in the parking lot of a fuel station in Hammond, Louisiana. At the time of the accident, plaintiff was sitting in the passenger side of his vehicle, which was parked in a marked parking space. Defendant Central Express' vehicle, which was being driven by its employee, defendant Jenny, collided with the passenger side of plaintiff's vehicle.

In his complaint, plaintiff alleged defendant Jenny was acting within the course and scope of his employment at the time of the accident. Plaintiff served defendant Jenny by certified mail but did not obtain service on defendant Central Express.

On 14 February 2000, defendants filed a motion to dismiss the action, alleging lack of jurisdiction under Rule 12(b)(2). N.C. R. Civ. P. 12(b)(2) (1999). In their motion, defendants asserted that defendant Central Express is a Missouri corporation, defendant Jenny is a citizen and resident of Highland, Illinois, and the accident giving rise to this action occurred in or near Hammond, Louisiana. Defendants further moved for sanctions and costs pursuant to Rule 11 of the North Carlina Rules of Civil Procedure "for the defense of this action which has no basis in law or fact." N.C.R. Civ. P. 11 (1999). By order filed 3 March 2000, the trial court denied defendants' motion to dismiss and for sanctions.

[1] In their assignment of error, defendants contend the trial court erred in denying their motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(2) because defendants have insufficient contacts with this State and because defendant Central Express was not served with process. N.C.R. Civ. P. 12(b)(2).

At the outset, we note "[t]he denial of a motion to dismiss for lack of jurisdiction is immediately appealable" and not interlocutory. *Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 614, 532 S.E.2d 215, 217, *cert. denied*, 353 N.C. 261, 546 S.E.2d 90 (2000), *citing* N.C. Gen. Stat. § 1-277(b) (1999); *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 293 S.E.2d 182 (1982). Whether the courts of this State may exercise personal jurisdiction over a nonresident defendant involves a two-prong analysis: "(1) Does a statutory basis for personal jurisdiction exist, and (2) If so, does the exercise of this jurisdiction violate constitutional due process?" *J.M. Thompson Co. v. Doral Mfg. Co.*, 72 N.C. App. 419, 424, 324 S.E.2d 909, 913, *cert. denied*, 313 N.C. 602, 330 S.E.2d 611 (1985). The assertion of personal jurisdiction over a defendant comports with due process if defendant is found to have sufficient minimum contacts

with the forum state to confer jurisdiction. *Fungaroli v. Fungaroli*, 51 N.C. App. 363, 276 S.E.2d 521, *cert. denied*, 303 N.C. 314, 281 S.E.2d 651 (1981).

[2] The statutory basis for asserting personal jurisdiction pursuant to N.C. Gen. Stat. § 1-75.4 is referred to as the "long-arm statute." N.C. Gen. Stat. § 1-75.4 (1999); *Godwin v. Walls*, 118 N.C. App. 341, 346, 455 S.E.2d 473, 478, *cert. granted*, 341 N. C. 419, 461 S.E.2d 757 (1995) (motion to withdraw petition for discretionary review granted 19 October 1995). Our long-arm statute provides several methods by which personal jurisdiction may be exercised over a defendant and includes in pertinent part:

> (1) Local Presence or Status.—In any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party:
>
> . . .
>
> d. Is engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise.

N.C. Gen. Stat. § 1-75.4(1)(d). "This statute is liberally construed to find personal jurisdiction over nonresident defendants to the full extent allowed by due process." *DeArmon v. B. Mears Corp.*, 67 N.C. App. 640, 643, 314 S.E.2d 124, 126 (1984), *rev'd on other grounds*, 312 N.C. 749, 325 S.E.2d 223 (1985). However, "[t]he burden is on [the] plaintiff to establish itself within some ground for the exercise of personal jurisdiction over defendant." *Public Relations, Inc.* v. *Enterprises, Inc.*, 36 N.C. App. 673, 677, 245 S.E.2d 782, 784 (1978), *citing Bryson v. Northlake Hilton*, 407 F. Supp. 73 (M.D.N.C. 1976); *Munchak Corp. v. Riko Enterprises, Inc.*, 368 F. Supp. 1366 (M.D.N.C. 1973). "The failure to plead the particulars of jurisdiction is not fatal to the claim so long as the facts alleged permit the inference of jurisdiction under the statute." *Williams v. Institute for Computational Studies*, 85 N.C. App. 421, 428, 355 S.E.2d 177, 182 (1987). If a defendant challenges the court's jurisdiction, "a trial court may hold an evidentiary hearing including oral testimony or depositions or may decide the matter based on affidavits. If the court takes the latter option, the plaintiff has the initial burden of establishing *prima facie* that jurisdiction is proper." *Bruggeman*, 138 N.C. App. at 615, 532 S.E.2d at 217 (citations omitted).

Plaintiff, in the instant case, alleges in his complaint "[u]pon information and belief, both named defendants are subject to the personal jurisdiction of the Courts of this State pursuant to N.C.G.S. § 1-75.4[.]" Although the complaint cites our long-arm statute as providing personal jurisdiction over defendants, the complaint does not state the section of this statute under which jurisdiction is obtained nor does it allege any facts as to activity being conducted in this State at the time of service of process. On appeal, plaintiff argues that personal jurisdiction is based upon N.C. Gen. Stat. § 1-75.4(1)(d) because defendant Central Express was engaged in substantial activity in that defendants "regularly conduct business within this [S]tate by delivering freight from, to or through this State."

In *Godwin*, this Court held plaintiff failed to prove a *prima facie* statutory basis for jurisdiction under N.C. Gen. Stat. § 1-75.4(1). *Godwin*, 118 N.C. App. 341, 455 S.E.2d 473. In that case, neither the complaint nor amended complaint contained any allegations regarding the nature of defendants' contacts with this State and the record was devoid of evidence to support the trial court's presumed finding of substantial activity within this State. *Id.* at 351-52, 455 S.E.2d at 481. Recently, this Court in *Cooper v. Shealy*, 140 N.C. App. 729, 537 S.E.2d 854 (2000) held that a motion to dismiss for lack of personal jurisdiction under N.C. Gen. Stat. § 1-75.4(4)(a) was properly denied where allegations in plaintiff's complaint satisfied requirements of the long-arm statute by sufficiently claiming that defendant carried on solicitations within the meaning of the statute.

A review of the record and plaintiff's complaint shows he failed to meet his burden of proving *prima facie* a statutory basis for personal jurisdiction. Accordingly, the trial court erred by denying defendant's motion to dismiss for a lack of personal jurisdiction.

[3] In light of our disposition of this case under our "long arm statute," we need only address defendants' additional assignment of error that the trial court erred in denying their motion for sanctions pursuant to Rule 11 of our Rules of Civil Procedure and in failing to enter findings and conclusions in its order. N.C.R. Civ. P. 11.

Defendant claims Rule 11 sanctions are warranted because plaintiff "through his counsel, filed a complaint which lacks legal sufficiency, factual sufficiency and was filed only to 'forum-shop' in North Carolina after the applicable one year statute of limitations had expired in Louisiana."

GOLDS v. CENTRAL EXPRESS, INC.

[142 N.C. App. 664 (2001)]

The trial court's decision whether or not to impose Rule 11 sanctions is reviewable *de novo. Dodd v. Steele*, 114 N.C. App. 632, 635, 442 S.E.2d 363, 365, *cert. denied*, 337 N.C. 691, 448 S.E.2d 521 (1994), *citing Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989), *cert. denied*, 329 N.C. 505, 407 S.E.2d 552 (1991). In general, an order imposing or denying sanctions must be supported by findings of fact and conclusions of law. *Turner*, 325 N.C. at 165, 381 S.E.2d at 714. The trial court's failure to make findings and conclusions results in error, which generally requires the case to be remanded for the resolution of any disputed factual issues. *Taylor v. Taylor Products, Inc.*, 105 N.C. App. 620, 630, 414 S.E.2d 568, 576 (1992). "However, remand is not necessary when there is no evidence in the record, considered in the light most favorable to the movant, which could support a legal conclusion that sanctions are proper." *Id.*

Rule 11, which sets forth the circumstances under which sanctions may be imposed, states in pertinent part:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

N.C.R. Civ. P. 11. In other words, Rule 11 provides that a pleading must contain the following to avoid the imposition of sanctions: (1) legal sufficiency; (2) factual sufficiency; and (3) a proper purpose. *Williams v. Hinton*, 127 N.C. App. 421, 423, 490 S.E.2d 239, 241 (1997). A pleading lacking in any of these three areas is sufficient to support sanctions under Rule 11. *Id.*

To determine whether a pleading is legally sufficient, the trial court should look "first to the facial plausibility of the pleading and only then, if the pleading is implausible under existing law, to the issue of 'whether to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, the complaint was warranted by the existing law.' " *Bryson v. Sullivan*, 330 N.C. 644, 661, 412 S.E.2d 327, 336 (1992), *quoting dePasquale v. O'Rahilly*, 102 N.C. App. 240, 246, 401 S.E.2d 827, 830 (1991). This is measured by "an objective standard of reasonable inquiry." *Id.* (citation omitted).

To determine whether a complaint is factually sufficient, the court must determine: "(1) whether the plaintiff undertook a reasonable inquiry into the facts and (2) whether the plaintiff, after reviewing the results of his inquiry, reasonably believed that his position was well grounded in fact." *McClerin v. R-M Industries, Inc.*, 118 N.C. App. 640, 644, 456 S.E.2d 352, 355 (1995).

A complaint has been influenced with an improper purpose when its purpose is " 'any purpose other than one to vindicate rights . . . or to put claims of right to a proper test.' " *Brown v. Hurley*, 124 N.C. App. 377, 382, 477 S.E.2d 234, 238 (1996) (citation omitted). For example, "a party 'will be held responsible if his evident purpose is to harass, persecute, otherwise vex his opponents or cause them unnecessary cost or delay.' " *Id.* "An objective standard is used to determine the existence of an improper purpose, with the burden on the movant to prove such improper purpose." *Id.*

After careful review, we cannot conclude the complaint was legally and factually deficient or filed with an improper purpose such that sanctions should be imposed.

In sum, the trial court's order denying defendants' motion to dismiss for a lack of personal jurisdiction pursuant to Rule 12(b)(2) is reversed. N.C.R. Civ. P. 12(b)(2). The trial court's order denying defendants' motion for sanctions pursuant to Rule 11 is affirmed. N.C.R. Civ. P. 11.

Reversed in part and affirmed in part.

Judges HUNTER and CAMPBELL concur.