PATRICIA COLYER BIRTHA, as administratrix of the Estate of SARAH LENON COLYER; deceased, JAMES WEST LINDSAY, as administrator of the Estate of LOTTIE MAE LINDSAY and WILLIAM LINDSAY, deceased, MONTEZZ NELSON, next of kin of REBECCA GRIER and JAMES GRIER, deceased on behalf of themselves and all other persons similarly situated, Plaintiffs v. STONEMOR, NORTH CAROLINA, LLC, STONEMOR, NORTH CAROLINA FUNERAL SERVICES, INC., STONEMOR, NORTH CAROLINA SUBSIDIARY, LLC, ALDERWOODS GROUP, INC., SERVICE CORPORATION INTERNATIONAL, a/k/a SCI, d/b/a York Memorial Cemetery, Defendants

No. COA11-79

(Filed 1 May 2012)

**1. Jurisdiction—personal—insufficient minimum contacts— defendant properly dismissed**

The trial court did not commit reversible error in a negligence, breach of contract, fraud, fraud upon the public, and unfair and deceptive trade practices case when it dismissed defendant SCI from the suit for lack of personal jurisdiction. Plaintiffs failed to allege facts that permitted the inference of jurisdiction under the long-arm statute.

**2. Statutes of Limitation and Repose—continuing wrong doctrine—discovery rule—duty to support negligence claim not established**

The trial court did not err by granting defendants' motion to dismiss claims of negligence, fraud, and breach of contract. As neither the continuing wrong doctrine nor the discovery rule were applicable to plaintiffs' claims, a majority of the claims were barred by the statute of limitations. Moreover, plaintiffs' argu-

BIRTHA v. STONEMOR, NC, LLC

[220 N.C. App. 286 (2012)]

ment that N.C.G.S. § 65-60 established the duty supporting both their common law negligence and negligence *per se* claims was rejected.

**3. Contracts—breach of contract—filed outside statute of limitations—improper basis—insufficient allegations— third-party beneficiary claims**

The trial court did not err when it dismissed plaintiffs' claims for breach of contract. The claims were filed outside the statute of limitations, violation of N.C.G.S. § 65-60 was not the proper basis for plaintiff's breach of contract claims, and the allegations failed to provide even general terms of the contract which were necessary to determine whether a breach occurred. Plaintiffs' claims for breach of contract based on a theory of third-party beneficiary were properly dismissed for the same reasons.

**4. Fraud—upon the public—not recognized theory—properly dismissed**

The trial court did not err by dismissing plaintiffs' claim of fraud upon the public for failure to state a claim. Fraud upon the public is not a recognized theory of recovery under North Carolina law.

**5. Fraud—common law—failure to allege claim with particularity—properly dismissed**

The trial court did not err by dismissing plaintiffs' claim for common law fraud because plaintiffs failed to properly allege the fraud claim with particularity.

**6. Unfair Trade Practices—breach of contract not sufficient to establish claim—failure to allege aggravating circumstances**

The trial court did not err in dismissing plaintiffs' claim for unfair and deceptive trade practices. A mere breach of contract, even if intentional, was not sufficiently unfair or deceptive to sustain an action under N.C.G.S. § 75-1.1 and plaintiffs failed to allege substantial aggravating circumstances.

Appeal by Plaintiffs from order entered 29 July 2010 by Judge Timothy L. Patti in Mecklenburg County Superior Court. Heard in the Court of Appeals 17 August 2011.

**BIRTHA v. STONEMOR, NC, LLC**

[220 N.C. App. 286 (2012)]

*Pamela A. Hunter, for Plaintiff-Appellants.*

*Moore and Van Allen, PLLC, by M. Cabell Clay, Anthony T. Lathrop and Alton L. Gwaltney, III, for Defendant-Appellee.*

BEASLEY, Judge.

Patricia Colyer Birtha, James West Lindsay, and Montez Nelson (Plaintiffs) appeal an order of dismissal of their claims of negligence, breach of contract, fraud, fraud upon the public, and unfair and deceptive trade practices against Stonemor, North Carolina, LLC, Stonemor, North Carolina Funeral Services, Inc., Stonemor North Carolina Subsidiary, LLC, Alderwoods Group, Inc., and Service Corporation International aka SCI doing business as York Memorial Cemetery (Defendants). For the following reasons, we affirm.

Plaintiffs assert similar injuries stemming from Defendants' alleged failure to properly maintain grave sites. Plaintiff Birtha's mother was buried at York Cemetery in 1968 and in February 2007, after several inquiries, Birtha became aware that her mother's head-stone was placed at the wrong burial plot. Plaintiff Lindsay's mother's and father's remains were interred at York Cemetery in August 1986. In February 2007, Lindsey discovered that Defendants removed his parents' headstones, and Defendants informed him that his parents' headstones and gravesites could not be located. Plaintiff Nelson's mother's remains were buried at York Cemetery in February 2003 and her father's remains were buried November of 2006. When Nelson's father's remains were buried, she was informed that Defendants could not locate her mother's grave site.

Plaintiffs commenced this action on 18 June 2007, in their capacities as estate administrators, against Defendants. Defendant SCI moved to dismiss the original complaint pursuant to N.C.R. Civ. P. 12(b)(2) (Rule 12(b)(2)) and Defendants Alderwoods Group, Inc. and SCI moved to dismiss pursuant to N.C.R. Civ. P. 12(b)(6) (Rule 12(b)(6)). At the 17 April 2009 hearing, Plaintiffs submitted an amended complaint. On 9 July 2010, the trial court granted Defendants' motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) and dismissed all claims against all Defendants. Plaintiffs filed a motion for a new trial on 12 August 2010 and notice of appeal on 27 August 2010.

**[1]** In their first argument, Plaintiffs assert that the trial court committed reversible error when it dismissed SCI from the suit for lack of personal jurisdiction. We disagree.

BIRTHA v. STONEMOR, NC, LLC

[220 N.C. App. 286 (2012)]

Our Court has previously held that when reviewing the grant or denial of a Rule 12(b)(2) motion

> [t]he standard of review to be applied by a trial court . . . depends upon the procedural context confronting the court.
>
> . . . .
>
> If the defendant supplements his motion to dismiss with an affidavit or other supporting evidence, the allegations in the complaint can no longer be taken as true or controlling and plaintiff cannot rest on the allegations of the complaint. In order to determine whether there is evidence to support an exercise of personal jurisdiction, the court then considers (1) any allegations in the complaint that are not controverted by the defendant's affidavit and (2) all facts in the affidavit (which are uncontroverted because of the plaintiff's failure to offer evidence).
>
> . . . .
>
> When this Court reviews a decision as to personal jurisdiction, it considers only whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court. Under Rule 52(a)(2) of the Rules of Civil Procedure, however, the trial court is not required to make specific findings of fact unless requested by a party. When the record contains no findings of fact, it is presumed that the court on proper evidence found facts to support its judgment.

*Banc of Am. Secs. LLC v. Evergreen Int'l Aviation, Inc.*, 169 N.C. App. 690, 693-94, 611 S.E.2d 179, 182-83 (2005) (internal citations, internal quotation marks, ellipses, and brackets omitted).

In order to determine whether our courts may exercise personal jurisdiction over a non-resident defendant, we apply a two part test: "(1) Does a statutory basis for personal jurisdiction exist, and (2) If so, does the exercise of this jurisdiction violate constitutional due process?" *Golds v. Central Express, Inc.*, 142 N.C. App. 664, 665, 544 S.E.2d 23, 25 (2001). "The assertion of personal jurisdiction over a defendant comports with due process if defendant is found to have sufficient minimum contacts with the forum state to confer jurisdiction." *Id.* at 665-66, 544 S.E.2d at 25. The long-arm statute is "liberally construed to find personal jurisdiction over nonresident defendants to the full extent allowed by due process." *Id.* at 666, 544 S.E.2d at 26

(internal quotation marks omitted). "The burden is on [the] plaintiff to establish itself within some ground for the exercise of personal jurisdiction over defendant." *Public Relations, Inc. v. Enterprises, Inc.*, 36 N.C. App. 673, 677, 245 S.E.2d 782, 784 (1978).

In the present case, Plaintiffs contend that N.C. Gen. Stat. § 1-75.4(1) confers jurisdiction because SCI acquired and retains all shares in Alderwoods, a co-defendant. Defendant SCI submitted an affidavit in support of its Rule 12(b)(2) motion. Plaintiffs did not present any affidavits, but instead relied on verified responses by Defendants. Defendants' responses merely re-state an issue that is uncontroverted; SCI acquired and retains all shares of Alderwoods. However, "when a subsidiary of a foreign corporation is carrying on business in a particular jurisdiction, the parent is not automatically subject to jurisdiction in the state". *Ash v Burnham Corp*, 80 N.C. App. 459, 462, 343 S.E.2d 2, 4 (1986) (internal quotation marks and citations omitted). Rather, the issue is whether or not SCI, by virtue of its position as sole shareholder in Alderwoods, falls within the purview of the long-arm statute.

In *Golds*, our Court found that the plaintiff did not meet its burden of presenting a *prima facie* statutory basis for personal jurisdiction where "the complaint [did] not state the section of this statute under which jurisdiction [was] obtained nor [did] it allege any facts as to activity being conducted in this State[.]" *Golds*, 142 N.C. App. at 667, 544 S.E.2d at 26. Similarly, Plaintiffs assert the section of the long-arm statute in their brief, but failed to state any grounds for personal jurisdiction in their complaint. Further, the complaint did not allege facts as to activity being conducted within the state by SCI.

> [W]e stressed that while application of the minimum contacts standard will vary with the quality and nature of defendant's activity, . . . it is essential in each case that there be some act by which defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws. Absent such purposeful activity by defendant in the forum State, there can be no contact with the forum State sufficient to justify personal jurisdiction over defendant.

*Buying Group, Inc. v. Coleman*, 296 N.C. 510, 515, 251 S.E.2d 610, 614 (1979) (internal quotation marks and citations omitted).

An affidavit provided by Janet Key of SCI supports the trial court's decision in that SCI had no employees, it has corporate headquarters in Houston, Texas, SCI had no business dealings in North Carolina, nor does it maintain accounts in North Carolina, SCI does not own real property in North Carolina, nor pay taxes to the State of North Carolina. Based on the foregoing, we hold that Plaintiffs failed to allege facts that permitted the inference of jurisdiction under the long-arm statute. Therefore, Plaintiffs' argument is overruled.

[2] Next, Plaintiffs contend that the trial court erred by granting Defendants' motion to dismiss the claims of negligence, fraud, and breach of contract. Plaintiffs assert that they filed their claims within the required statute of limitations, and that North Carolina recognizes the continuing wrong doctrine as a tolling mechanism for negligence claims. We disagree.

This Court reviews the grant of a motion to dismiss pursuant to Rule 12(b)(6) to determine

> whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true. On a motion to dismiss, the complaint's material factual allegations are taken as true. Dismissal is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim. On appeal of a 12(b)(6) motion to dismiss, this Court conducts a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct.

*Burgin v. Owen*, 181 N.C. App. 511, 512, 640 S.E.2d 427, 428–29 (2007) (internal quotation marks and citations omitted).

The trial court dismissed Plaintiffs' negligence claim on two grounds, that it (1) was barred by the statute of limitations and (2) failed to state a claim for relief. (R. 48)

To successfully allege a negligence claim, plaintiffs must show "(1) the defendant owed the plaintiff a duty of reasonable care, (2) the defendant breached that duty, (3) the defendant's breach was an actual and proximate cause of the plaintiff's injury, and (4) the

plaintiff suffered damages as the result of the defendant's breach." *Gibson v. Ussery*, 196 N.C. App. 140, 143, 675 S.E.2d 666, 668 (2009) (citation omitted). "A statute of limitations defense may properly be asserted in a Rule 12(b)(6) motion to dismiss if it appears on the face of the complaint that such a statute bars the claim. Once the defendant raises a statute of limitations defense, the burden of showing that the action was instituted within the prescribed period is on the plaintiff." *Horton v. Carolina Medicorp*, 344 N.C. 133, 136, 472 S.E.2d 778, 780 (1996) (citation omitted). Pursuant to N.C. Gen. Stat § 1-52 (2011), the statute of limitations for negligence is three years. "A cause of action based on negligence accrues when the wrong giving rise to the right to bring suit is committed, even though the damages at that time be nominal and the injuries cannot be discovered until a later date." *Harrold v. Dowd*, 149 N.C. App. 777, 781, 561 S.E.2d 914, 918 (2002).

Plaintiffs assert that the continuing wrong doctrine applies to the negligence claims and thereby tolls the statute of limitations until the violative act ceases. Our Supreme Court has recognized the continuing wrong doctrine as "an exception to the general rule that a claim accrues when the right to maintain a suit arises." *Babb v. Graham*, 190 N.C. App. 463, 481, 660 S.E.2d 626, 637 (2008). "For the continuing wrong doctrine to apply, the plaintiff must show a continuing violation by the defendant that is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Marzec v. Nye*, 203 N.C. App. 88, 94, 690 S.E.2d 537, 542 (2010) (internal quotation marks and brackets omitted). "Courts view continuing violations as falling into two narrow categories. One category arises when there has been a long-standing policy of discrimination. . . . In the second continuing violation category, there is a continually recurring violation." *Faulkenbury v. Teachers' & State Employees' Retirement System*, 108 N.C. App. 357, 368, 424 S.E.2d 420, 425 (1993). The first category is not applicable in this case because Plaintiffs do not allege discrimination. As for the second category, our courts have used this exception narrowly. We could find no case law, and Plaintiffs have presented no case law to suggest that the allegations here would amount to a continually recurring violation as opposed to the continual ill effects from an original violation.

We also reject Plaintiffs' assertion that the discovery rule tolls the statute of limitations in this case. "N.C.G.S. § 1-52(16) establishes what is commonly referred to as the discovery rule, which tolls the running of the statute of limitations for torts resulting in certain

latent injuries." *Misenheimer v. Burris*, 360 N.C. 620, 622, 637 S.E.2d 173, 175 (2006). The discovery rule provides,

> [u]nless otherwise provided by statute, *for personal injury or physical damage to claimant's property*, the cause of action, except in causes of actions referred to in G.S. 1-15(c), shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs. Provided that no cause of action shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action.

N.C. Gen. Stat § 1-52(16) (2011) (emphasis added). In this case, Plaintiffs do not allege bodily harm or physical damage to Plaintiffs' property; therefore, the discovery rule is not applicable. Accordingly, the trial court properly determined that the doctrine of continuing wrong was inapplicable and all but one of Plaintiffs' negligence claims was properly dismissed as barred by the statute of limitations. Because Plaintiffs' claims were barred by the statute of limitations, with the exception of James Grier's (Mr. Grier) claim which Defendants concede is not barred by the statute of limitations, we now address Grier's remaining negligence claim.

All Plaintiffs, including Mr. Grier, rely on N.C. Gen. Stat. § 65-60 to establish a duty of care owed by Defendants. The statute states,

> [a] record shall be kept of every burial in the cemetery of a cemetery company, showing the date of burial, name of the person buried, together with lot, plot, and space in which such burial was made therein . . . and shall be readily available at all reasonable times for examination by an authorized representative of the [North Carolina Cemetery] Commission.

N.C. Gen. Stat. § 65-60 (2011). Plaintiffs contend that Section 65-60 establishes both the duty supporting their common law negligence claims and also their negligence *per se* claims. In order to prevail on a claim of negligence *per se*, plaintiff must show,

> (1) a duty created by a statute or ordinance; (2) that the statute or ordinance was enacted to protect a class of persons which includes the plaintiff; (3) a breach of the statutory duty; (4) that the injury sustained was suffered by an interest which the statute protected; (5) that the injury was of the nature con-

templated in the statute; and, (6) that the violation of the statute proximately caused the injury.

*Rudd v. Electrolux Corp.*, 982 F. Supp. 355, 365 (1997) (citing *Baldwin v. GTE South, Inc.*, 335 N.C. 544, 439 S.E.2d 108 (1994)).

A plain reading of the Section 65-60 shows that the statute was designed to ensure that cemeteries keep proper records and to give the North Carolina Cemetery Commission authority to enforce the record keeping requirement. Plaintiffs argue that Section 65-60 is designed to protect them, but they fail to argue, and we fail to see, how Plaintiffs are included in the class that the statute was designed to protect. Moreover, Plaintiffs also fail to allege that Plaintiffs' injuries were suffered by an interest which the statute protected, and that the injuries were of the nature contemplated in the statute. Based on the foregoing, the trial court properly dismissed all of the negligence claims, including Mr. Grier's claim.

**[3]** Next, Plaintiffs argue that the trial court erred when it dismissed their claims for breach of contract. We disagree.

Plaintiffs argue that they properly alleged a breach of the burial contract entered into by decedents. Plaintiffs advance breach of contract arguments on two bases: (i) failing to inter decedents in the agreed upon sites and (ii) failing to maintain records.

Pursuant to N.C. Gen. Stat. § 1-52 (2011), the applicable statute of limitations for a breach of contract claim is three years. This action was not commenced until 2007. Plaintiffs' complaint fails to specifically allege the dates of the breach of each respective contract. The complaint does give the following dates of interment:

> 7. The deceased, Sarah Lenon Colyer, mother of Plaintiff, Patricia Colyer Birtha, was interred at Defendant cemetery on or about July 28, 1968.
>
> 8. The deceased, Lottie Mae Lindsay, mother of Plaintiff, James West Lindsay was interred at Defendant cemetery immediately after becoming deceased on or about August 16, 1968.9. The deceased, William Lindsay, father of Plaintiff, James West Lindsay, was interred at Defendant cemetery immediately after becoming deceased on or about August 20, 1986.
>
> 10. The deceased, Rebecca Grier, mother of Plaintiff, Montez Nelson, was interred at Defendant cemetery immediately after becoming deceased on or about February 19, 2003.

11. The deceased, James Grier, father of Plaintiff, Montez Nelson, was interred at Defendant cemetery immediately after becoming deceased on or about November 8, 2006.

Plaintiffs further allege that

Defendants have failed to maintain proper burial records from at least on or about July 28, 1968, to the present time, thereby causing the Plaintiffs['] decedents and numerous decedents of all other persons similarly situated as the Plaintiffs['] decedents to be buried at the wrong burial sites and causing grave markers to be placed at the wrong burial sites. Additionally, *from at least July 28, 1968 to the present time, these Defendants have sold the same burial plot contracted for by one party to other parties* . . . thereby causing the same burial plot to be sold to multiple persons, *in violation of the laws of the State of North Carolina, as well as the terms of each parties respective contract.* (emphasis added).

Here, the complaint generally alleges that the breach of contract occurred on the dates of interment, respectively. These dates are well outside of the three year statute of limitations for breach of contract claims. Even if we assume that the date of interment for each decedent controls as the date of breach of contract, as Defendants acknowledge, the statute of limitations would have expired as to all claims, except Mr. Grier. Because the trial court found that the breach of contract claim was barred by the statute of limitations, and Plaintiffs' argument is unsupported by authority, we affirm the trial court's determination that the breach of contract claim, except as to Mr. Grier, is barred by the statute of limitations.

Additionally, the trial court also properly dismissed Plaintiffs' breach of contract claims for failure to state a claim. It is well-settled that a "violation of a statute designed to protect persons or property is a negligent act, and if such negligence proximately causes injury, the violator is liable. This is an appropriate allegation on the first cause of action based on negligence and not on the second based on breach of contract." *Murray v. Aircraft Corporation*, 259 N.C. 638, 642, 131 S.E.2d 367, 370 (1963) (internal citations omitted). Here, Plaintiffs allege that violation of N.C. Gen. Stat. § 65-60 is the basis for their breach of contract claims. Because a violation of the statute is not the proper basis for a breach of contract claim, all Plaintiffs' breach of contract claims for failure to maintain records, including Mr. Grier, were properly dismissed.

Finally, the breach of contract claims were properly dismissed because the allegations failed to provide even general terms of the contract which were necessary to determine whether a breach occurred. *See Claggett v. Wake Forest University*, 126 N.C. App. 602, 608, 486 S.E.2d 443, 446 (1997) ("To state a claim for breach of contract, the complaint must allege that a valid contract existed between the parties, that defendant breached the terms thereof, the facts constituting the breach, and that damages resulted from such breach.") Accordingly, we affirm the trial court's dismissal of Plaintiffs' breach of contract claims.

Plaintiffs also contend that the trial court erred in dismissing their claim for breach of contract based on third-party beneficiary. For the same reasons stated above, we overrule Plaintiffs' third party beneficiary claim.

**[4]** Next, Plaintiffs argue that the trial court erred by dismissing their claim of fraud upon the public for failure to state a claim. We disagree. As the trial court stated, fraud upon the public is not a recognized theory of recovery under North Carolina law. *See Gilmore v. Smathers*, 167 N.C. 440, 83 S.E. 823 (1914). Therefore, Plaintiffs' argument is meritless.

**[5]** Plaintiffs also argue that the trial court committed reversible error when it determined that Plaintiffs did not allege a valid claim for relief for common law fraud. We disagree.

Plaintiffs argue that they pled common law fraud with particularity in their complaint and that their claim for fraud was not time-barred by the statute of limitations because accrual of time starts at the time of discovery of the fraudulent conduct by the aggrieved party.

To allege a claim for fraud, a plaintiff must plead: "(1) [a] [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Isbey v. Cooper Companies, Inc.*, 103 N.C. App. 774, 776, 407 S.E.2d 254, 256 (1991). "In all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." N.C. Gen. Stat. § 1A-1, Rule 9(b) (2011). Our Supreme Court has held that the particularity requirement is satisfied "by alleging time, place and content of the fraudulent representation, identity of the person making the representation and what was obtained as a result of the fraudulent acts or representations." *Terry v. Terry*, 302 N.C. 77, 85, 273 S.E.2d 674, 678 (1981). Our Supreme Court has construed N.C. Gen. Stat. § 1-52(9) "to

set accrual at the time of discovery regardless of the length of time between the fraudulent act or mistake and plaintiff's discovery of it." *Feibus & Co. v. Godley Construction Co.* 301 N.C. 294, 304, 271 S.E.2d 385, 392 (1980). "Under this provision, 'discovery' means either actual discovery or when the fraud should have been discovered in the exercise of reasonable diligence." *State Farm Fire & Cas. Co. v. Darsie,* 161 N.C. App. 542, 547, 589 S.E.2d 391, 396 (2003) (citation omitted).

In the case *sub judice,* Plaintiffs made the following allegations in their amended complaint:

> 44. That the acts of the Defendants in providing incorrect [] burial maps to the plaintiffs . . . have been and continue to be intentional, willful and with malice aforethought to cause the Plaintiffs to rely to their detriment.

> 45. The Plaintiffs . . . have been damaged based upon these false representations because the Defendants have buried the decedents of Plaintiffs . . . in plots other than the burial sites which were purchased by the decedents of Plaintiffs[.]

> . . . .

> 49. That these Defendants made these false statements and misrepresentations with the intent to cause all persons who purchased the burial plots to enter into said contract . . . from the Defendants based upon the false statements and material misrepresentations.

> 50. That the persons who purchased said burial plots from Defendants and all other similarly situated person did in fact rely upon the false statements and material misrepresentations of the Defendants.

These allegations are very general and are not alleged with the required particularity where Plaintiffs failed to state (1) the time, place, or content of the misrepresentations; (2) the particular person making the misrepresentation; and (3) whether Plaintiffs relied on these misrepresentations. Plaintiffs failed to properly allege the fraud claim with particularity, and this assignment is overruled.

[6] Plaintiffs argue that the trial court erred in dismissing their claim for unfair and deceptive trade practices where Defendants (1) failed to place stakes at gravesites to establish proper boundaries, (2) failed to keep proper records to determine where decedents were buried, (3) lost headstones from graves, (4) could not establish where dece-

dents were buried, and (5) "have engaged in conduct . . . forbidden under [N.C. Gen. Stat. § 75-1.1]."

"To state a claim for unfair and/or deceptive trade practices, the plaintiffs must allege that (1) the defendants committed an unfair or deceptive act or practice, or an unfair method of competition, (2) in or affecting commerce, (3) which proximately caused actual injury to the plaintiffs or to the plaintiffs' business." *Walker v. Sloan*, 137 N.C. App. 387, 395 529 S.E.2d 236, 243 (2000) (citation omitted). [I]t is well recognized that actions for unfair or deceptive trade practices are distinct from actions for breach of contract, and that a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under [N.C. Gen. Stat.] § 75-1.1." *Eastover Ridge, L.L.C. v. Metric Constructors, Inc.*, 139 N.C. App. 360, 367-68, 533 S.E.2d 827, 832-33 (2000). "North Carolina courts are extremely hesitant to allow plaintiffs to attempt to manufacture a tort action and alleged UDTP out of facts that are properly alleged as breach of contract claim." *Jones v. Harrelson & Smith Contr'rs, LLC*, 194 N.C. App. 203, 229, 670 S.E.2d 242, 259 (2008) (citation omitted).

Here, Plaintiffs failed to establish the existence of contracts between the Plaintiffs and Defendants and, have thus failed to show a breach of contract. Even assuming arguendo that Defendants breached these contracts, "a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under N.C.G.S. § 75-1.1." *Watson Elec. Constr. Co. v. Summit Cos.*, 160 N.C. App. 647, 657, 587 S.E.2d 87, 95 (2003) (internal quotation marks and citation omitted). "[P]laintiff[s] must show substantial aggravating circumstances attending the breach to recover under the Act." *Id.* As Plaintiffs do not allege substantial aggravating circumstances, the trial court properly dismissed Plaintiffs unfair and deceptive trade practices claim.

For the foregoing reasons, we affirm the trial court's dismissal of the claims of negligence breach of contract, fraud, fraud upon the public, and unfair and deceptive trade practices.

Affirmed.

Judges BRYANT and GEER concur.