MARSH v. MARSH

[136 N.C. App. 663 (2000)]

PATRICIA LIN MARSH, Plaintiff v. WILLIAM R. MARSH, Defendant

No. COA99-40

(Filed 15 February 2000)

**1. Divorce— postseparation support—separation agreement**

The trial court erred by terminating defendant-husband's obligation to pay postseparation support under the party's separation agreement based on their divorce because postseparation support may continue despite a judgment of divorce if the postseparation support order does not specify a termination date and there is no court order awarding or denying alimony. N.C.G.S. § 50-16.1A(4).

**2. Divorce— postseparation support—separation agreement—contempt**

In light of the trial court's erroneous conclusion that defendant's postseparation support obligation terminated upon divorce, on remand the trial court must consider whether defendant-husband was in contempt of court for failing to pay his postseparation support obligations under the parties' incorporated separation agreement.

Appeal by plaintiff from order entered 25 September 1998 by Judge C. E. Donaldson in Cumberland County District Court. Heard in the Court of Appeals 3 January 2000.

*The Law Firm of Brown & Neier, L.L.P., by Bryce D. Neier, for plaintiff-appellant.*

*No brief filed for defendant-appellee.*

EAGLES, Chief Judge.

[1] This case presents the question of whether postseparation support may continue after a judgment of divorce.

Plaintiff Patricia Lin Marsh and Defendant William R. Marsh were married to each other on 25 June 1977 and separated in August of 1996. On 13 May 1997, the parties entered into a separation agreement that the trial court later incorporated into its judgment for divorce.

The agreement provided in pertinent part: "The Husband shall pay to the Wife, as **postseparation support/alimony without**

**divorce**, one-half (1/2) of his military retirement . . . The Husband's obligation for **the payment of postseparation support/alimony without divorce shall terminate upon the death of the Husband, the death or remarriage of the Wife.**" (Emphasis added). There is no other language within the separation agreement concerning termination of postseparation support/alimony without divorce. Further, the agreement does not contain any language concerning permanent alimony. Separately, the incorporated agreement requires the defendant to pay the other one-half of his retirement benefits to plaintiff as part of a property settlement.

On 19 March 1998, plaintiff filed a Motion For Contempt and To Show Cause against defendant for failure to pay his obligations under the incorporated agreement. On 4 June 1998, defendant responded and filed his own motion seeking to terminate his obligations for postseparation support/alimony without divorce and to recover $3640.00 as overpayment. After hearing testimony, the trial court issued an order terminating defendant's obligations for postsepara- tion support. In its order, the court found that there were no provi- sions for permanent alimony within the agreement. The trial court then concluded that "the terms of the Separation Agreement only pro- vided for postseparation support until the granting of a divorce." Plaintiff appeals.

It is a well-established tenet of statutory construction that the intent of the General Assembly controls. *In re Arthur,* 291 N.C. 640, 641, 231 S.E.2d 614, 615 (1977). In ascertaining this intent, we "assume that the Legislature comprehended the import of the words it employed." *State v. Baker,* 229 N.C. 73, 77, 48 S.E.2d 61, 65 (1948). G.S. § 50-16.1A(4) (1999) defines postseparation support as "spousal support to be paid until the earlier of either the date specified in the order of postseparation support, or an order awarding or denying alimony." According to this definition, postseparation support ends only by a prescribed date in the order for postseparation support or in an order awarding or denying alimony. *See id.* This is in contrast to the old law of alimony pendente lite (APL). The old statute defined APL as "alimony ordered to be paid pending the final judgment of divorce." G.S. § 50-16.1(2) (repealed). Accordingly, APL terminated upon a judgment of divorce.

Under the current support scheme, the General Assembly has created a window that may allow postseparation support to continue indefinitely. This is not the first time that this Court has discussed

this potential opening. In addressing the distinction between the APL and postseparation support statutes, this Court stated:

> [I]f an effective date of termination for postseparation support payments is specified in neither the postseparation support order, nor in the order awarding or denying alimony, the postseparation support payments may continue indefinitely if the dependent spouse never sues for alimony (or at least until an effective alimony award would have terminated, that is, when the dependent spouse remarried, cohabitated, or died).

*Wells v. Wells*, 132 N.C. App. 401, 414, 512 S.E.2d 468, 476 (1999) (citing Nancy E. LeCroy, Note, *Giving Credit Where Credit is Due: North Carolina Recognizes Custodial Obligations as a Factor in Determining Alimony Entitlements*, 74 N.C. L. Rev. 2128, 2144 n.105 (1996)). While not directly addressing the present issue, this Court in *Wells* recognized that the statute *may* allow for the indefinite payment of postseparation support. *Id.* Under the plain language of G.S. 50-16.1A(4), we now hold that postseparation support may continue despite a judgment of divorce if the postseparation support order does not specify a termination date and there is no court order awarding or denying alimony.

Here, the Separation Agreement provides for only three possible instances in which defendant's obligation to pay postseparation support terminates. The Agreement explicitly states that "The Husband's obligation for the payment of postseparation support/alimony without divorce shall terminate upon the death of the Husband, the death or remarriage of the Wife." There is no evidence in the record that any of these events has occurred. No other provision of the agreement deals with termination of postseparation support. Additionally, the record does not contain evidence that the trial court has awarded or denied alimony. G.S. 50-16.1A (1999). In fact, it appears from the record that the plaintiff has never even sued for alimony. Accordingly, defendant's obligation to pay postseparation support did not automatically terminate upon the judgment of divorce. The trial court erred by terminating defendant's obligation and we now reverse.

In making this ruling it is important to note that we understand that the General Assembly may have intended postseparation support to be a temporary measure. *See Wells*, 132 N.C. App. at 410, 512 S.E.2d at 474 (citing Sally B. Sharp, *Step By Step: The Development of the Distributive Consequences of Divorce in North Carolina*, 76 N.C.L.Rev. 2017, 2090 (1998)). However, we are bound to interpret

statutes as they are written. If the General Assembly feels that the policy of this State should be that postseparation support ends upon a judgment of divorce then it is within its power to amend the statute. Indeed, the General Assembly did so under the old APL statute. Here, however the statutory definition of postseparation support provides for only three possible termination dates. In this case, none of these events took place. Accordingly, here we are bound to allow postseparation support to continue even after a judgment of divorce.

[2] Plaintiff also assigns error to the trial court's failure to find defendant in contempt for failing to pay his obligations and alleges that the evidence was insufficient to prove a substantial change of circumstances. The trial court based its order on its conclusion that defendant's obligation terminated upon divorce. The trial court should now reconsider these issues in light of this opinion. We therefore remand for its re-consideration.

Reversed and remanded.

Judges WYNN and WALKER concur.