VITTITOE v. VITTITOE

[150 N.C. App. 400 (2002)]

LINDA JUNE VITTITOE, Plaintiff v. JAMES E. VITTITOE, JR., Defendant

No. COA01-629

(Filed 21 May 2002)

**Divorce— postseparation support—not terminated by divorce judgment**

The trial court properly denied defendant's motions to set aside and modify a postseparation support order where the order stated that postseparation support would continue "until final determination of the alimony claim" even though no claim for alimony had been asserted, a judgment for divorce was subsequently entered which did not reserve a claim for alimony, and there is no evidence that either party died, that plaintiff remarried, or that plaintiff has engaged in cohabitation. A judgment of divorce does not terminate an existing postseparation support order. N.C.G.S. § 50-16.1A(4).

Appeal by defendant from order entered 30 November 2000 by Judge Donald L. Boone in Guilford County District Court. Heard in the Court of Appeals 21 February 2002.

*Hamrick & Associates, by Diane Q. Hamrick, and Bell, Davis & Pitt, P.A., by Robin J. Stinson, for plaintiff-appellee.*

*Douglas, Ravenel, Hardy, Crihfield & Hoyle, L.L.P., by G.S. Crihfield and Eric A. Halus, for defendant-appellant.*

CAMPBELL, Judge.

This is the second appeal to come before this Court in the instant action and the third appeal to come before this Court involving issues arising out of the separation and divorce of the parties. In this opinion, we only set forth the factual and procedural history that is relevant to the instant appeal.

On 11 March 1998, Judge Boone entered an order granting plaintiff $800.00 per month in postseparation support beginning 1 February 1998 and continuing "until the final determination of the alimony claim." At the time, no claim for alimony had been asserted by either party. Defendant appealed Judge Boone's postseparation support order and several other orders and judgments arising out of the instant action, including an order holding defendant in civil con-

tempt for failure to pay support pursuant to Judge Boone's order. This Court, *inter alia,* dismissed defendant's appeal from Judge Boone's postseparation support order on the grounds that it was interlocutory and did not affect a substantial right. *Vittitoe v. Vittitoe,* 136 N.C. App. 234, 529 S.E.2d 523 (1999) (unpublished) ("*Vittitoe I*").

During the course of this action, plaintiff filed a separate action seeking an absolute divorce. On 22 June 1998, judgment for absolute divorce was entered on behalf of plaintiff. The judgment of divorce did not reserve a claim for alimony, nor was an alimony claim pending at the time. After entry of the judgment of absolute divorce, plaintiff filed a motion to amend her complaint to add a claim for alimony, and a motion to set aside the judgment of absolute divorce pursuant to N.C. R. Civ. P. 60. On 2 June 1999, the trial court entered an order denying plaintiff's motions. Plaintiff appealed and this Court affirmed. *Vittitoe v. Vittitoe,* 140 N.C. App. 791, 541 S.E.2d 238 (2000) (unpublished) ("*Vittitoe II*").

Following this Court's decision in *Vittitoe I,* defendant failed to pay plaintiff any support until plaintiff filed a calendar request on 26 January 2000 for a hearing regarding defendant's continued failure to pay support. As a result, on 4 February 2000, defendant sent plaintiff's counsel a check dated 1 February 2000 in the amount of $11,334.00. The check was labeled "Paid In Full," with an attached letter stating that the check "satisfies in full the amount due under the order for post separation support and attorney ['s] fees of 11 March 1998 and the order of 6 July 1998." Plaintiff's attorney acknowledged receipt of the check by letter dated 14 February 2000, which stated, "this will also serve as a denial, on behalf of Ms. Vittitoe, that the check fully satisfies Mr. Vittitoe's obligation pursuant to the post separation support order." The check, subsequently cashed by plaintiff, covered five months of postseparation support at $800.00 per month pursuant to Judge Boone's order, $3,823.20 in back postseparation support awarded by Judge Boone, and $3,500.00 in attorney's fees awarded by Judge Boone. This payment is the only support plaintiff has received from defendant since the parties separated on 5 June 1996.

On 20 March 2000, plaintiff filed her second motion for contempt for defendant's failure to pay support pursuant to Judge Boone's postseparation support order. On 7 April 2000, defendant answered and moved to dismiss plaintiff's motion for contempt on the grounds that (1) plaintiff's acceptance and negotiation of defendant's check

dated 1 February 2000 constituted an accord and satisfaction, and (2) plaintiff's obtaining a judgment of divorce terminated her right to postseparation support.

On 1 May 2000, Judge Enochs entered an order denying defendant's motion to dismiss, concluding that "[t]he Plaintiff's acceptance of the check dated February 1, 2000 was not accord and satisfaction." Plaintiff's motion for contempt was heard on 8 May 2000 by Judge Foster. On 10 May 2000, Judge Foster entered an order finding defendant in civil contempt for a second time for his failure to pay postseparation support pursuant to Judge Boone's 11 March 1998 order. Judge Foster made the following finding of fact:

> 6. The March 11, 1998 postseparation support Order of Judge Boone has not been modified, has been upheld by the Court of Appeals, and is still in full force and effect. Under current North Carolina case law, the divorce on June 22, 1998, does not terminate Plaintiff's right to continue to receive postseparation support.

Based on his findings of fact, Judge Foster concluded, as a matter of law, that defendant's failure to comply with the terms of Judge Boone's 11 March 1998 order had been wilful and without lawful excuse. Defendant was ordered to be incarcerated, but was allowed to purge himself of the contempt by making timely postseparation support payments of $800.00 per month beginning 1 June 2000. Thus, Judge Foster ordered that defendant's incarceration be stayed until defendant failed to make a timely payment of postseparation support "without sufficient excuse." Defendant was also ordered to pay plaintiff $4,984.50 in attorney's fees. Judge Foster further found that defendant was $18,400.00 in arrears for postseparation support from July 1998 through May 2000, but ordered that the arrearages be held in abeyance until further order of the court.

On 12 May 2000, defendant filed a Rule 60 motion seeking to set aside Judge Boone's postseparation support order on the grounds that the order was entered by mistake and inadvertence, and was contrary to the intention of the court. Defendant argued that Judge Boone did not realize there was no alimony claim pending when he entered the postseparation support order, and, thus, the language that postseparation support "should continue until the final determination of the alimony claim" was unrepresentative of the posture of the case and of Judge Boone's intention. Defendant further argued that Judge Boone did not intend for defendant to pay postseparation support fol-

lowing the entry of a judgment of divorce. Defendant also sought reconsideration of Judge Foster's contempt order.

On 27 July 2000, defendant filed a motion requesting modification of Judge Boone's postseparation support order so as to terminate support as of the date of the parties' divorce. By order entered 30 November 2000, Judge Boone denied both of defendant's motions seeking to terminate his postseparation support obligation. Defendant appeals.

The dispositive issue on appeal is whether plaintiff's right to postseparation support terminated upon the entry of the judgment of absolute divorce.

N.C. Gen. Stat. § 50-16.1A(4) (2001) defines postseparation support as "spousal support to be paid until the earlier of either the date specified in the order of postseparation support, or an order awarding or denying alimony." "Under the plain language of G.S. 50-16.1A(4) . . . postseparation support may continue despite a judgment of divorce if the postseparation support order does not specify a termination date and there is no court order awarding or denying alimony." *Marsh v. Marsh*, 136 N.C. App. 663, 665, 525 S.E.2d 476, 477 (2000). This is in sharp contrast to the old alimony *pendente lite* (APL) statute, which provided that APL terminated upon a judgment of divorce. N.C. Gen. Stat. § 50-16.1(2) (repealed 1995).

In addition to terminating by definition on the date specified in the order, if one is so specified, or upon entry of an order awarding or denying alimony, postseparation support also terminates upon the death of either the supporting or dependent spouse, upon the remarriage of the dependent spouse, or when the dependent spouse engages in cohabitation. N.C. Gen. Stat. § 50-16.9(b) (2001).

In *Marsh*, this Court addressed the question of whether postseparation support may continue after a judgment of divorce. The parties in *Marsh* entered into a separation agreement that the trial court later incorporated into its judgment of divorce. The separation agreement provided, in pertinent part:

The Husband shall pay to the Wife, as postseparation support/alimony without divorce, one-half (½) of his military retirement . . . The Husband's obligation for the payment of postseparation support/alimony without divorce shall terminate upon the death of the Husband, the death or remarriage of the Wife.

The separation agreement contained no other language concerning termination of postseparation support/alimony without divorce, and the agreement contained no language concerning permanent alimony.

The defendant-husband filed a motion seeking to terminate his obligations for postseparation support/alimony without divorce. After hearing testimony, the trial court issued an order terminating the defendant-husband's obligations for postseparation support, concluding that "the terms of the Separation Agreement only provided for postseparation support until the granting of a divorce."

On appeal, this Court began by acknowledging, that unlike the old APL statute, the current postseparation support statute "create[s] a window that may allow postseparation support to continue indefinitely." *Marsh*, 136 N.C. App. at 664, 525 S.E.2d at 477; *see also Wells v. Wells*, 132 N.C. App. 401, 414, 512 S.E.2d 468, 476 (1999). We noted that the parties' separation agreement provided for only three possible instances in which the defendant-husband's obligation to pay postseparation support would terminate; (1) the death of the defendant-husband, (2) the death of the plaintiff-wife, or (3) the remarriage of the plaintiff-wife. There was no evidence in the record that any of these events had occurred, and there was no other provision in the separation agreement dealing with termination of postseparation support. In addition, the record contained no evidence that the trial court had awarded or denied alimony. In fact, as in the instant case, it appeared from the record that the plaintiff-wife had never even sued for alimony.[1] Based on these facts, we concluded that the defendant-husband's obligation to pay postseparation support did not automatically terminate upon the judgment of divorce. *Marsh*, 136 N.C. App. at 665, 525 S.E.2d at 477.

Defendant argues that the facts in the instant case are distinguishable from those in *Marsh*, while plaintiff contends that the principles set forth in *Marsh* are controlling and compel the conclusion that defendant's obligation to pay postseparation support did not terminate upon entry of the judgment of divorce. We agree with plaintiff.

Defendant contends that the postseparation support order in the instant case specifically provided that postseparation support would

---

1. The Court in *Marsh* did not address whether the record contained any evidence that the dependent spouse, the plaintiff-wife, had engaged in cohabitation. Thus, we assume there was no such evidence.

terminate on the date of the final determination of the alimony claim. According to defendant, the final determination of the alimony claim was made when a judgment granting plaintiff an absolute divorce was entered without a claim for alimony pending, and without reserving a claim for alimony. *See* N.C. Gen. Stat. § 50-11(a) (2001) ("After a judgment of divorce from the bonds of matrimony, all rights arising out of the marriage shall cease and determine . . . .") However, defendant's contention ignores the express language of N. C. Gen. Stat. § 50-11(c), which states, in pertinent part:

> Furthermore, a judgment of absolute divorce *shall not* impair or destroy the right of a spouse to receive alimony or postseparation support or affect any other rights provided for such spouse under any judgment or decree of a court rendered *before* or at the time of the judgment of absolute divorce.

N.C.G.S. § 50-11(c) (2001) (emphasis added). Interpreting N.C.G.S. §§ 50-16.1A(4) and 50-11(c) *in pari materia*, we conclude that a judgment of absolute divorce does not terminate an existing postseparation support order.

In reaching this decision, we reiterate the words of Chief Judge Eagles in writing for the Court in *Marsh:*

> [I]t is important to note that we understand that the General Assembly may have intended postseparation support to be a temporary measure. However, we are bound to interpret statutes as they are written. If the General Assembly feels that the policy of this State should be that postseparation support ends upon a judgment of divorce then it is within its power to amend the statute.

*Marsh*, 136 N.C. App. at 665-66, 525 S.E.2d at 477-78 (internal citation omitted).

Based on the foregoing, we conclude that defendant's obligation to pay postseparation support has not terminated. The record shows that the trial court has not entered an order awarding or denying alimony. In fact, neither party has asserted a claim for alimony. The only provision in the original postseparation support order dealing with termination states that the award "should continue until the final determination of the alimony claim." Having concluded that N.C.G.S. 50-11(c) prevents a judgment of absolute divorce from terminating an existing postseparation support order, this provision does not have the effect of terminating defendant's postseparation support obliga-

tions. Further, there is no evidence that either party has died, that plaintiff has remarried, or that plaintiff has engaged in cohabitation. Therefore, we affirm the trial court's order denying defendant's motions to set aside and modify the original postseparation support order.

Affirmed.

Judges MARTIN and HUDSON concur.