LINDA JUNE VITTITOE, Plaintiff,
v.
JAMES E. VITTITOE, JR., Defendant.
No. COA03-999
North Carolina Court of Appeals.
Filed July 6, 2004.
This case not for publication
Guilford County No. 96 CVD 1249.
Diane N. Hamrick and Bell, Davis & Pitt, P.A., by Robin J. Stinson, for plaintiff appellant-appellee.
Douglas, Ravenel, Hardy, Crihfield & Hoyle, L.L.P., by G.S. Crihfield and Eric A. Halus, for defendant appellant-appellee.
WYNN, Judge.
Defendant James E. Vittitoe, Jr. appeals from an order of the trial court finding him in contempt for failure to pay postseparation support to Plaintiff Linda June Vittitoe. Defendant argues the trial court failed to make necessary findings of fact to support its order of contempt. In a cross-appeal, Plaintiff argues the trial court erred by denying her motion for sanctions against Defendant. For the reasons that follow, we affirm the order of the trial court. This is the fourth appeal to come before this Court in the instant action. As the facts underlying this appeal have been previously addressed by this Court in Vittitoe v. Vittitoe, 136 N.C. App. 234, 529 S.E.2d 523 (1999) (unpublished) ("Vittitoe I"), Vittitoe v. Vittitoe, 140 N.C. App. 791, 541 S.E.2d 238 (2000) (unpublished) ("Vittitoe II"), and Vittitoe v. Vittitoe, 150 N.C. App. 400, 563 S.E.2d 281 (2002) ("Vittitoe III"), we set forth only those additional facts relevant to the instant appeal.
In Vittitoe III, this Court held that the parties' judgment of absolute divorce did not terminate Defendant's obligation to pay postseparation support to Plaintiff and accordingly affirmed the trial court's order denying Defendant's motion to terminate his postseparation support obligation. Vittitoe III, 150 N.C. App. at 405-06, 563 S.E.2d at 284-85. The Supreme Court of North Carolina subsequently denied Defendant's motion for discretionary review. Vittitoe v. Vittitoe, 356 N.C. 314, 571 S.E.2d 218 (2002). Defendant nevertheless filed a motion on 4 November 2002 in Guilford County District Court seeking an order terminating his obligation to pay postseparation support on the grounds that a judgment for absolute divorce had been entered. Plaintiff responded by filing a motion for contempt, attorneys' fees, and order for arrest. On 5 February 2003, the matter came before the trial court, which, in accordance with this Court's opinion in Vittitoe III, concluded that the judgment of absolute divorce did not terminate Defendant's obligation to pay postseparation support. The trial court further concluded Defendant had willfully andwithout lawful excuse failed to pay postseparation support and attorneys' fees as earlier ordered, and that Defendant was therefore in civil contempt for his failure to comply with the prior order of the court. Finally, the trial court determined that Plaintiff was entitled to attorneys' fees, but denied her motion for sanctions. Defendant and Plaintiff appealed from the order of the trial court.
Defendant presents four assignments of error on appeal, arguing that the trial court erred by finding him in contempt in that (1) Plaintiff's underlying motion lacked specific allegations and (2) the order lacked necessary findings. Defendant further argues (3) the trial court abused its discretion in awarding attorneys' fees and (4) erred in denying his motion to terminate postseparation support. Plaintiff argues the trial court erred in denying her motion for sanctions. For the reasons stated herein, we affirm the order of the trial court.

I. Defendant's Appeal

Defendant argues the trial court erred in finding him to be in contempt of an earlier order of the trial court ordering him to pay postseparation support. Specifically, Defendant argues Plaintiff's underlying motion for contempt failed to allege that the purpose of the prior order for postseparation support would still be served by compliance with the order. Defendant further argues the trial court's order lacked such a finding in support of its conclusion that Defendant was in contempt of the prior order. We find nomerit to these arguments.
Failure to comply with an order of a court is a continuing civil contempt where:
(1) The order remains in force;
(2) The purpose of the order may still be served by compliance with the order;
(2a) The noncompliance by the person to whom the order is directed is willful; and
(3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order.
N.C. Gen. Stat. § 5A-21(a) (2003). This Court's review of a contempt proceeding is "limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." Sharpe v. Nobles, 127 N.C. App. 705, 709, 493 S.E.2d 288, 291 (1997); Miller v. Miller, 153 N.C. App. 40, 50, 568 S.E.2d 914, 920 (2002).
Here, the trial court made extensive findings tracking the lengthy procedural history of the instant case, including findings detailing the original order requiring Defendant to pay postseparation support, his failure to pay postseparation support, and his repeated unsuccessful efforts to have the order set aside. The trial court further found Plaintiff "continues to be a dependent spouse and is without sufficient means to subsist during the prosecution of this suit and to defray its expenses" and that she is "substantially in need of maintenance and support from the Defendant" inasmuch as she is disabled, on Medicaid, and has qualified for food stamps. The trial court found that "Defendanthas the ability to pay postseparation support for the period since the parties divorced in 1998 to the present," and that his failure to pay postseparation support was willful. Defendant made no exceptions to any of the trial court's findings of fact; they are therefore binding on appeal.
We conclude the trial court's findings support its order holding Defendant in civil contempt for his failure to comply with the earlier order requiring him to pay postseparation support. Although the trial court made no express finding that the purpose of the postseparation support order could still be served by compliance with the order, it found Plaintiff continued to be a dependent spouse in need of support from Defendant. Thus, the purpose of the earlier order in providing postseparation support to Plaintiff remained unchanged. Plaintiff's failure to allege, and the trial court's failure to specifically state, that "the purpose of the order could still be served by compliance with the order" does not render the order of contempt invalid. We overrule these assignments of error.
Defendant further contends the trial court's order lacked sufficient findings to support its conclusion that Defendant had the present ability to pay monthly postseparation support and the contempt fee. Defendant also contends the trial court abused its discretion in awarding attorneys' fees without finding that Defendant had the present ability to pay such fees. We disagree.
The trial court made numerous findings detailing Defendant's finances and his ability to pay postseparation support beginning in1998 when the parties divorced until the date of the hearing in 2003. For example, the trial court found, inter alia, that Defendant paid his attorney $20,000.00 in 1999; that he had assets totaling $168,000.00 in 2000; that he and his wife bought real estate for $33,000.00 in 2002; and that in November 2002 two cash withdrawals of over $30,000.00 were made from Defendant's joint bank account the day before the first scheduled date of the hearing on Plaintiff's motion for contempt. Although most of the findings detail property and other assets acquired by Defendant in prior years, the trial court made no findings to suggest Defendant no longer retained these assets at the time of the hearing. Further, the trial court made a number of findings regarding Defendant's most recent financial transactions, including the fact that: (1) Defendant's present wife pays the majority of the parties' living expenses; (2) Defendant and his wife recently purchased two automobiles; (3) Defendant transferred title to approximately fifteen acres of real property in Virginia to his present wife in 1998, and that she continued to hold title free and clear of any liens. The trial court also found
That Defendant has exhibited a pattern of transferring assets to his present wife and/or putting assets in the name of his present wife to avoid his postseparation support obligation to the Plaintiff; that as of the date of this hearing, Defendant holds joint record title to the unimproved real estate on Albeck Drive in Thomasville, that Defendant's wife holds record title to the parties' new residence on Hoots Drive in Davidson County, and that Defendant's wife also holds record title to the 15+ acres of land in Virginia previously owned solely by the Defendant; that the combined approximate net value of said real estate is sufficient tosatisfy the Defendant's postseparation support obligation.
Finally, the trial court found that "although the Defendant has been unemployed since December 18, 2002, he currently draws unemployment compensation in the amount of $347.00 each week" and that he had "failed to seek employment in any field other than driving trucks on `local' routes, although he has experience in driving long distance routes." We conclude the trial court's findings sufficiently support its conclusion that Defendant has the present means to provide postseparation support to Plaintiff, in addition to the $5,884.50 purge amount. We further reject Defendant's argument that the trial court abused its discretion in awarding attorneys' fees on the same ground.
Finally, Defendant argues the trial court erred in denying his motion to terminate postseparation support. In so doing, Defendant raises the same legal arguments previously considered and rejected by this Court in Vittitoe III. We therefore necessarily overrule this assignment of error.

II. Plaintiff's Appeal

Plaintiff argues the trial court erred by denying Plaintiff's motion for Rule 11 sanctions against Defendant. The trial court's decision to impose or not to impose sanctions pursuant to section 1A-1, Rule 11(a) of the North Carolina General Statutes, is reviewable de novo as a legal issue. Turner v. Duke University, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). In order to avoid Rule 11 sanctions, a pleading must be legally and factually sufficient, and must not be filed for an improper purpose, such as "to harassor to cause unnecessary delay or needless increase in the cost of litigation." N.C. Gen. Stat. § 1A-1, Rule 11(a) (2003); Golds v. Central Express, Inc., 142 N.C. App. 664, 668, 544 S.E.2d 23, 27 (2001). The appellate court determines (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. Id. Here, Plaintiff did not include on appeal a transcript of the hearing. We are therefore precluded from reviewing whether the findings of fact are supported by the evidence. Instead, we are limited to determining whether the trial court's order contains sufficient findings of fact in support of its conclusion that sanctions were not warranted, and whether this conclusion supports its judgment.
Here, the trial court found that Defendant filed a Motion on November 4, 2002, ". . . for an order terminating Defendant's obligation to pay postseparation support on the grounds that there has been a final determination of the alimony claim" (arguing that a final determination of alimony claim was made when the Judgment of Absolute Divorce was entered without an alimony claim neither pending nor reserved).
The trial court further concluded that Counsel for Defendant has made a good faith legal argument related to the postseparation support award sufficient to overcome any assessment of sanctions, costs, or penalties pursuant to Rule 11; the Court concludes that the Motions filed by Defendant after the decisions were rendered by the Court of Appeals and the Supreme Court in Vittitoe III are not subject to Rule 11 sanctions because they were legally sufficient.
Plaintiff argues that the trial court erred in concluding that Defendant's motions were made "in good faith" and were "legally sufficient." As we are without a transcript of the hearing, however, it is difficult to determine, without speculating, the exact content and nature of the argument made by counsel for Defendant. Although it is true that Defendant's arguments regarding postseparation support had been previously rejected by this Court at the time he filed his motions, we have no evidence that Defendant did not present a "good faith argument for the extension, modification, or reversal of existing law." N.C. Gen. Stat. § 1A-1, Rule 11(a). After carefully reviewing the record and the trial court's findings, we cannot conclude the trial court erred in denying Plaintiff's motion for sanctions. The order of the trial court is hereby,
Affirmed.
Judges CALABRIA and STEELMAN concur.
Report per Rule 30(e).