DAVID LEE JACKSON, PLAINTIFF v. DEBORAH SAULS JACKSON, (NOW DEBORAH LOUISE SAULS), DEFENDANT

No. COA07-1182

(Filed 2 September 2008)

**1. Child Support, Custody, and Visitation— contempt order— custody modified—appeal**

Plaintiff had the right to appeal those portions of a contempt order that he argued impermissibly modified child custody or exceeded the court's authority, but an appeal from the criminal contempt finding would have been dismissed.

**2. Child Support, Custody, and Visitation— custody—modification—no pending motion—subsequent amendment of pleadings insufficient—no best interest finding**

The trial court abused its discretion by modifying child custody absent a pending motion to modify custody. Although the parties subsequently filed motions to amend the pleadings, the record does not indicate that either party understood or reasonably should have understood the evidence or arguments to be grounds for modifying custody. Furthermore, the court's order includes only a best interest conclusion without findings or conclusions about a substantial change of circumstances affecting the child.

**3. Child Support, Custody, and Visitation— parenting coordinator—sua sponte appointment**

The trial court satisfied the criteria for sua sponte appointing a parenting coordinator where the court made findings and concluded that the custody case was high-conflict, that the parents could pay for the coordinator, and that the appointment was in the child's best interest.

**4. Child Support, Custody, and Visitation— custody—contempt proceeding—Rule 11 sanctions**

The trial court did not abuse its discretion by awarding defendant attorney fees as a Rule 11 sanction in a contempt pro-

ceeding arising from a child custody proceeding. Plaintiff's allegations did not rise to the level of legal sufficiency needed to allege criminal contempt of court.

Appeal by plaintiff from orders entered 16 February 2007, 28 March 2007, 14 May 2007, and 19 June 2007 by Chief Judge Albert A. Corbett, Jr. in Johnston County District Court. Heard in the Court of Appeals 14 April 2008.

*Sandlin & Davidian, P.A., by Deborah Sandlin and Lisa Kamarchik, for plaintiff-appellant.*

*Wyrick Robbins Yates & Ponton LLP, by K. Edward Greene and Tobias S. Hampson, for defendant-appellee.*

BRYANT, Judge.

Plaintiff David Jackson appeals from an Order Re Contempt (Contempt Order) entered 16 February 2007, an order for attorney's fees entered 28 March 2007, an order appointing parenting coordinator entered 14 May 2007, and an order allowing Defendant Deborah Jackson's motion to amend the Contempt Order (Amended Order) entered 19 June 2007.

Plaintiff and defendant married 9 October 1988 and are the parents of a minor child born 7 December 2001. On 3 September 2002, plaintiff filed for joint custody of the minor child. On 19 November 2002, a trial court granted the parties a judgment for absolute divorce. On 12 December 2002, the trial court entered a consent order awarding plaintiff and defendant joint custody of the minor child—with defendant having primary custody, care, and control and plaintiff having secondary custody. Plaintiff had custody every other weekend and every other Wednesday.

The trial court also decreed that the parties were entitled to reasonable telephone contact and ordered the parties to confer with each other concerning decisions about the schooling, discipline, religion, health, and well-being of the child. Each parent was to notify the other immediately of any medical emergency related to the child.

On 15 November 2005 and 11 January 2006, plaintiff filed motions for order to show cause and order of contempt. On 24 April 2006, the trial court entered an order decreeing that defendant was in willful civil contempt of the 12 December 2002 court order, but continued prayer for judgment. On 6 July 2006 and 27 September 2006, plaintiff

filed a third and fourth motion for order to show cause and order of contempt. Defendant filed a motion to dismiss, motion for more definite statement, motion for sanctions, and a response to plaintiff's fourth motion for order to show cause.

On 16 February 2007, the trial court entered a Contempt Order decreeing:

3. Plaintiff's third motion for contempt is denied and the Defendant is not guilty of criminal contempt as alleged in the Third Motion.

4. Defendant is not guilty of criminal contempt as alleged in the [plaintiff's] Fourth Motion, except that the Defendant is guilty of criminal contempt with respect to the Custody Order for her failure to allow the Plaintiff reasonable telephone access with the minor child. The Defendant is sentenced to 30 days in the Johnston County Jail. This sentence is indefinitely suspended pursuant to the conditions set forth below which shall apply to both Plaintiff and Defendant[.]

. . .

I. The Court, on its own motion, appoints a parenting coordinator. . . . Failure either to comply with the directions of the parenting coordinator or to pay his/her fees in a timely fashion shall be punishable by contempt.

5. To the extent that the terms and conditions of the Custody Order have not been modified by the above modifications, the Custody Order remains in full force and effect.

On 26 February 2007, pursuant to North Carolina Civil Procedure Rule 59, plaintiff filed motions to amend and stay the Contempt Order. Plaintiff argued "[t]he inclusion of any provision in the Contempt Order that modifies the terms of the Custody Order, . . . must be removed" and "the appointment of a parenting coordinator improperly modifies the Custody Order and exceeds the relief allowed . . . ."

On 6 March 2007, defendant filed a motion to amend the pleadings pursuant to Rule 15(b). Defendant asked that the pleadings be amended to address the issue of modification of the Custody Order to bring it in accord with the trial court's Contempt Order, as well as the appointment of a parenting coordinator.

On 28 March 2007, pursuant to defendant's motion for sanctions against plaintiff, the trial court issued an order for attorney's fees, finding as fact and concluding as a matter of law that "the award of attorney's fees as a sanction against the Plaintiff pursuant to Rule 11 of the Rules of Civil Procedure with respect to the filing of the Plaintiff's fourth motion for contempt is appropriate . . . ." The trial court ordered that plaintiff pay defendant's attorneys $3,000.

On 19 June 2007, the trial court entered an order which allowed defendant's motion to amend the pleadings pursuant to Civil Procedure Rule 15(b) and plaintiff's motion to modify the contempt order pursuant to Rule 59 but denied plaintiff's motion to Stay and Reconsider the Contempt order. In modifying its Contempt Order, the trial court made the following additional findings of fact:

(i) The parties do not relate well one to another and the conflict between the Plaintiff and the Defendant has increased . . . . The conflict between the Plaintiff and the Defendant is negatively impacting [the minor child].

(ii) The Plaintiff is gainfully employed as a Certified Public Accountant.

(iii) The Defendant is gainfully employed with the State Employees Credit Union.

and the following conclusions of law:

(i) This is a high-conflict case. The parties are able to pay for a Parenting Coordinator and the appointment of a parenting Coordinator is in [the minor child's] best interest as set forth in G.S. 50-91(b).

(ii) The best interests of [the minor child] require that the Custody Order previously entered by this Court in 2002 and 2006 be modified as set forth in the Order of the Court filed February 16, 2007.

The trial court re-captioned the Contempt Order as "Order Modifying Custody Order and for Contempt, and for the Appointment of a Parenting Coordinator." Plaintiff appeals from the Contempt Order and all subsequent related orders.

On appeal, plaintiff raises the following three issues: whether the trial court erred in (I) modifying child custody, (II) appointing a par-

enting coordinator, and (III) imposing sanctions in the form of an attorney's fee award on plaintiff.

[1] We first respond to defendant's question whether plaintiff's appeal is properly before this Court. Defendant argues the Contempt Order and the Amended Order from which plaintiff has given notice of appeal are orders regarding defendant's criminal contempt and from those orders plaintiff has no right to appeal. Plaintiff, however, asserts that he appeals from only those provisions that impermissibly modify custody without the required motion for modification by any interested party, or that exceed the trial court's authority.

Under North Carolina General Statutes, section 7A-27(c), "[f]rom any final judgment of a district court in a civil action appeal lies of right directly to the Court of Appeals," N.C. Gen. Stat. § 7A-27 (c) (2007), and "[f]rom any interlocutory order or judgment of a superior court or district court in a civil action or proceeding which (1) [a]ffects a substantial right," N.C.G.S. § 7A-27 (d)(1) (2007).

We note for the record that while the contempt order addresses criminal contempt it does so within the court's civil jurisdiction over a dispute in a case bearing the identification File Number 02-CVD-2605. We further note the court's action seems to confuse the purposes of modification and contempt. *See Kennedy v. Kennedy*, 107 N.C. App. 695, 703, 421 S.E.2d 795, 799 (1992) ("The trial court may modify custody only upon motion by either party or 'anyone interested.' N.C.G.S. § 50-13.7 (1987). The trial court may not *sua sponte* enter an order modifying a previously entered custody decree."). *See also* 3 Suzanne Reynolds, *Lee's North Carolina Family Law* § 13.52 (5th ed. 2002) (when a custody order is violated "ordinarily the proper response is a finding of contempt, not modification") (citation omitted). Therefore, we hold that as to those aspects of the Contempt Order that plaintiff argues impermissibly modify custody or exceed the trial court's authority, plaintiff has a right to appeal to this Court.[1]

*I*

[2] Plaintiff asserts the trial court committed reversible error by modifying child custody absent a pending motion to modify custody and absent any finding of substantial change of circumstances affecting the welfare of the child. We agree.

---

[1]. We note that had plaintiff appealed from the trial court's finding of criminal contempt, his appeal would have been dismissed.

Under North Carolina General Statutes, section 50-13.7(a), "an order of a court of this State for custody of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested." N.C. Gen. Stat. § 50-13.7(a) (2007). "The trial court may modify custody only upon motion by either party or anyone interested. The trial court may not *sua sponte* enter an order modifying a previously entered custody decree." *Kennedy*, 107 N.C. App. at 703, 421 S.E.2d at 799 (internal citation and quotations omitted).

Here, neither plaintiff nor defendant had a pending motion to modify custody provisions at the time the trial court entered the Contempt Order. But, on 16 February 2007, the trial court entered the Contempt Order in which it found defendant in criminal contempt and modified the following child custody provisions established by the 12 December 2002 consent order:

6. Plaintiff and defendant shall confer with each other concerning decisions about the schooling, discipline, religion, health and well-being of the child.

The trial court also imposed the following new custody provisions:

C. When Defendant has the minor child, she may schedule activities for the minor child as she desires; . . . Plaintiff may not attend such activities without Defendant's consent;

. . .

E. Defendant is not required to confer with Plaintiff regarding medical decisions made by Defendant regarding the minor child while the child is in her custody . . . .

H. Plaintiff and Defendant shall not speak at exchanges. If the parties desire to communicate information to the other party concerning the minor child, they will communicate in writing.

Thus, we agree with plaintiff that provisions in the Contempt Order impermissibly modify custody. However, the record also indicates that after 16 February 2007 both plaintiff and defendant filed motions to amend the pleadings, and therein each addressed issues regarding modification of custody.

Plaintiff, on 25 February 2007, filed a motion to amend the pleadings pursuant to Civil Procedure Rule 59 and a motion to stay the trial court's Contempt Order. Therein plaintiff alleged that the

JACKSON v. JACKSON

[192 N.C. App. 455 (2008)]

Contempt Order improperly modified the Custody Order and further asserted that "[t]he inclusion of any provision in the Contempt Order that modifies the terms of the Custody Order . . . must be removed from the Contempt Order pursuant to Rule 59(a)(1), (a)(7), (a)(8), and (a)(9)."[2]

Defendant, on 8 March 2007, filed a motion to amend the pleadings pursuant to Rule 15(b).[3] Defendant asked that the pleadings be amended to conform to the evidence presented at the hearing, address the issue of modification of the custody order, and rename the order "Order Modifying Custody Order and for Contempt and for the Appointment of a Parenting Coordinator."

On 19 June 2007, the trial court entered an order allowing both plaintiff's motion to amend the Contempt Order pursuant to Rule 59 and defendant's motion to amend pleadings pursuant to Rule 15(b). The trial court then amended the Contempt Order to make the following additional findings:

(i) Based upon the facts of this case, the parties do not communicate with one another. The lack of communication between the parties relates to [the minor child's] activities, doctors visits and other issues. The parties do not relate well one to another and the conflict between the Plaintiff and the Defendant has increased since the entry of this Court's Order entered following a hearing in January 2006. The conflict between the Plaintiff and the Defendant is negatively impacting [the minor child].

(ii) The Plaintiff is gainfully employed as a Certified Public Accountant.

---

2. Pursuant to Rule 59, "[o]n a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." N.C. R. Civ. P. 59(a) (2007).

3. Amendments to conform to the evidence.—"When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, either before or after judgment . . . . If evidence is objected to at the trial on the ground that it is not within the issues raised by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be served thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits." N.C. R. Civ. P. 15(b) (2007).

    (iii) The Defendant is gainfully employed with the State Employees' Credit Union.

and the following conclusions:

    (i)    This is a high conflict case. The parties are able to pay for a Parenting Coordinator and the appointment of a Parenting Coordinator is in [the minor child's] best interest . . . .

    (ii)   The best interest of [the minor child] require that the Custody Order previously entered by this Court in 2002 and 2006 be modified as set forth in the Order of this Court filed February 16, 2007.

The trial court re-captioned the Contempt Order "Order Modifying Custody Order and for Contempt, and for the Appointment of a Parenting Coordinator."

We acknowledge the liberal application of our Rules of Civil Procedure and the discretion afforded trial judges. "[W]hen construing the Rules of Civil Procedure technicalities and form are to be disregarded in favor of the merits of the case[] and that liberality is the canon of construction." *Excel Staffing Serv., Inc. v. HP Reidsville, Inc.*, 172 N.C. App. 281, 285, 616 S.E.2d 349, 352 (2005) (citing *Lemons v. Old Hickory Council, Boy Scouts, Inc.*, 322 N.C. 271, 275, 367 S.E.2d 655, 657 (1988)) (internal quotations omitted). The Rules of Civil Procedure "provid[e] for and encourag[e] liberal amendments to conform pleadings and evidence . . . after entry of judgment under Rules 15(b), 59 and 60." *Roberts v. William N. & Kate B. Reynolds Memorial Park*, 281 N.C. 48, 56, 187 S.E.2d 721, 725 (1972). "Discretion in allowing amendment of pleadings is vested in the trial judge and his ruling will not be disturbed on appeal absent a showing of prejudice to the opposing party." *Goodrich v. Rice*, 75 N.C. App. 530, 533, 331 S.E.2d 195, 197 (1985) (citation omitted).[4] However, notwithstanding such discretion and despite the broad remedial purposes of these provisions, Rule 15(b) and Rule 59 do not permit judgment by ambush. *Paris v. Michael Kreitz, Jr., P.A.*, 75 N.C. App. 365, 375, 331 S.E.2d 234, 242 (1985) (quoting *Eudy v. Eudy*, 288 N.C. 71, 76, 215 S.E.2d 782, 786 (1975), *overruled on other*

---

    4. "This Court and our Supreme Court have consistently held that a trial court's order under Rule 59 is not to be disturbed absent an affirmative showing of manifest abuse of discretion by the judge or a substantial miscarriage of justice." *Branch Banking & Trust Co. v. Home Federal Sav. & Loan Ass'n*, 85 N.C. App. 187, 199-200, 354 S.E.2d 541, 548 (1987) (citations omitted).

*grounds by Quick v. Quick*, 305 N.C. 446, 290 S.E.2d 653 (1982)) (remaining citation omitted).

Our Supreme Court has held that an amendment under Rule 15(b) "is appropriate only where sufficient evidence has been presented at trial without objection to raise an issue not originally pleaded and where the parties understood, or reasonably should have understood, that the introduction of such evidence was directed to an issue not embraced by the pleadings." *W & H Graphics, Inc. v. Hamby*, 48 N.C. App. 82, 86, 268 S.E.2d 567, 570 (1980); *see also Yancey v. Lea*, 139 N.C. App. 76, 78, 532 S.E.2d 560, 561 (2000) ("The effect of Rule 15(b) is to allow amendment by implied consent to change the legal theory of the cause of action so long as the opposing party has not been prejudiced in presenting his case, *i.e., where he had a fair opportunity to defend his case.*") (citation and internal quotations omitted) (emphasis added). Under Rule 59, where a trial court opens an order, makes additional findings of fact and conclusions of law, and enters an amended order, the reasoning must be the same.

Here, the record indicates that the trial court held a hearing on 19 December 2006 to address plaintiff's third and fourth motions for order to show cause and order of contempt and defendant's motion to dismiss, motion for a more definite statement, and motion for sanctions and attorney's fees with respect to plaintiff's fourth motion for order to show cause and order of contempt. The record gives no indication either party understood or reasonably should have understood the evidence presented or the arguments made to be grounds for the modification of custody made by the trial court when it entered its Contempt Order. Furthermore, pursuant to subsequent motions to modify, the trial court entered an Amended Order amending its Contempt Order, but "[did] not elect to take any new evidence . . . ."

Despite re-captioning the Contempt Order "Order Modifying Custody Order and for Contempt, and for the Appointment of a Parenting Coordinator" the trial court effectively denied both parties an opportunity to submit evidence or present arguments regarding custody modification. Furthermore, the trial court's order does not include findings of fact or conclusions of law regarding a substantial change in circumstances affecting the welfare of the minor child, only a best interest conclusion.

When the court modifies custody or visitation because of violations of a visitation order, it must be careful not to confuse the purposes of modification and contempt. The court modifies cus-

tody or visitation because substantial changes in circumstances have made a different disposition in the best interest of the child. A custodian should not violate the visitation order, but if he or she does, then ordinarily the proper response is a finding of contempt, not modification. *Woncik v. Woncik,* 82 N.C. App. 244, 248, 346 S.E.2d 277, 279 (1986).

*Reynolds, supra.* Therefore, we hold the trial court abused its discretion in modifying child custody provisions absent proper notice to the parties and without affording the parties an opportunity to address the issue of custody modification. Accordingly, we vacate those provisions set out in the Contempt Order and the Amended Order which impermissibly modify prior custody orders.

*II*

**[3]** Next, plaintiff questions whether the trial court committed reversible error in appointing a parenting coordinator. Plaintiff argues the trial court failed to make adequate findings of fact to support the appointment of a parenting coordinator on its own motion. We disagree.

Under North Carolina General Statute section 50-91(b),

[t]he court may appoint a parenting coordinator without the consent of the parties upon entry of a custody order other than an ex parte order, or upon entry of a parenting plan only if the court also makes specific findings that the action is a high-conflict case, that the appointment of the parenting coordinator is in the best interests of any minor child in the case, and that the parties are able to pay for the cost of the parenting coordinator.

N.C. Gen. Stat. § 50-91(b) (2007).

Here, in the Contempt Order, the trial court, on its own motion, appointed a parenting coordinator and stated "[t]he parties shall follow the directions of the parenting coordinator with respect to issues addressed to the parenting coordinator. Failure either to comply with the directions of the parenting coordinator or to pay his/her fees in a timely fashion shall be punishable by contempt." In response, plaintiff filed a motion to amend the judgment under Rule 59(a)(1), (a)(7), (a)(8), and (a)(9).

Under Rule 59(a), "[o]n a motion for a new trial in an action tried without a jury, the court *may* open the judgment if one has been entered, take additional testimony, amend findings of fact and con-

clusions of law or make new findings and conclusions, and direct the entry of a new judgment." N.C. R. Civ. P. 59(a) (2007) (emphasis added). Without taking any new evidence, the trial court made the following additional findings of fact:

(i) Based upon the facts of this case, the parties do not communicate with one another. The lack of communication between the parties relates to [the minor child's] activities, doctors' visits and other issues. The parties do not relate well one to another and the conflict between the Plaintiff and the Defendant has increased since the entry of this Court's Order entered following a hearing in January 2006. The conflict between the Plaintiff and the Defendant is negatively impacting [the minor child].

(ii) The Plaintiff is gainfully employed as a Certified Public Accountant.

(iii) The Defendant is gainfully employed with the State Employees' Credit Union.

On these findings, the trial court concluded "[t]his case is a high-conflict case. The parties are able to pay for a Parenting Coordinator and the appointment of a Parenting Coordinator is in [the minor child's] best interest as set forth in G.S. 50-91(b)."

We hold the trial court has satisfied the criteria for *sua sponte* appointing a parenting coordinator as set forth under N.C.G.S. § 50-91(b). Accordingly, plaintiffs assignment of error is overruled.

### III

[4] Last, plaintiff questions whether the trial court committed reversible error by sanctioning plaintiff in the form of an attorney's fee award to defendant. We affirm the trial court.

"The trial court's decision whether or not to impose Rule 11 sanctions is reviewable de novo. In general, an order imposing or denying sanctions must be supported by findings of fact and conclusions of law." *Golds v. Cent. Express, Inc.*, 142 N.C. App. 664, 668, 544 S.E.2d 23, 26-27 (2001) (citations omitted) (emphasis removed).

Pursuant to North Carolina Civil Procedure Rule 11,

[t]he signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after

reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

N.C. R. Civ. P. 11(a) (2007). "In other words, Rule 11 provides that a pleading must contain the following to avoid the imposition of sanctions: (1) legal sufficiency; (2) factual sufficiency; and (3) a proper purpose." *Golds*, 142 N.C. App. at 668, 544 S.E.2d at 27.

On plaintiff's third motion for order to show cause and order of contempt, the trial court found defendant not guilty with respect to the allegations of criminal contempt. In plaintiff's fourth motion for order to show cause and order of contempt, plaintiff alleged that defendant violated the custody order by:

A. Enrolling the minor child in swimming lessons without discussing with the Plaintiff or notifying him of the time and place of the lessons so that he could attend and talk with the child about how the lessons were going.

B. On July 29, 2006, changing the pickup location from Defendant's house to Defendant's neighbor's house, without first talking about it with Plaintiff and having the parties agree to it in writing.

C. By failing to timely advise and consult with Plaintiff regarding the child's strep throat and impetigo that caused the child to miss two days of school.

D. By failing to timely advise and consult with Plaintiff regarding the child's sickness on August 23 and 24, 2006, that caused the child to repeatedly throw up.

E. By failing to notify Plaintiff of the child's medical appointment(s).

F. By refusing to speak with Plaintiff at exchanges.

G. By refusing to answer or timely return Plaintiff's calls to the minor child when the child is with Defendant.

The trial court found that allegations A through F should not have been filed because they do not rise to the level of contemptible actions.

We agree with the trial court's finding that plaintiff's allega-
tions did not rise to the level of legal sufficiency needed to allege
criminal contempt of court. We therefore hold the trial court was
within its discretion to award defendant attorney's fees for defend-
ing the action. Accordingly, plaintiff's assignment of error is over-
ruled. The trial court's orders of 28 March and 14 May 2007 are
affirmed. The trial court's orders of 16 February and 19 July 2007
are vacated in part.

Affirmed in part; vacated in part.

Chief Judge MARTIN and Judge ARROWOOD concur.