STROUD, Judge.
 

 *75
 
 The trial court
 
 sua sponte
 
 raised and granted a motion under Rule 60 of the North Carolina Rules of Civil Procedure which vacated a prior permanent child support order and set temporary child support; the trial court subsequently entered a new order setting permanent child support. Intervenor Deana St. Peter appeals both orders. Because defendant's motion to modify child support gave intervenor no notice of any allegations of fraud or duress in entry of the prior permanent child support order and intervenor did not consent but instead specifically objected to consideration of these issues, the trial court erred by
 
 sua sponte
 
 amending the defendant's motion under North Carolina General Statute § 50-13.7(a) and vacating the December 2013 order under Rule 60(b). We therefore vacate the trial court's June 2014 order based upon the
 
 sua sponte
 
 Rule 60 motion, vacate the trial court's subsequent November 2014 child support order based upon the erroneous June 2014 order, and remand for further proceedings consistent with this opinion.
 

 I. Background
 

 In March of 2001 intervenor Deana St. Peter and defendant Scott Lynn were married; the couple had one child born in July of 2005, and in October of 2012 they were divorced.
 
 [1]
 

 *133
 
 On 15 January 2013, plaintiff Guilford County Child Support Enforcement Agency on behalf of Deana St. Peter, filed a complaint against defendant for failure "to pay support or adequate support" and requested that the trial court establish defendant's child support obligation. Defendant failed to answer, and in April of 2013, plaintiff requested and the assistant clerk of superior court entered an entry of default.
 

 In August of 2013, the trial court entered a temporary child support order which also determined that defendant owed $2,808.00 in arrears. A hearing to establish permanent child support was held on 9 October 2013; the order from this hearing was signed on 4 November 2013 and filed on 17 December 2013 ("December 2013 order"). The December 2013 order deviated from the child support guidelines and required defendant to pay $325.00 per month, "of which $268.25 is to apply toward the current child support obligation and of which $56.75 is to apply toward the arrears" amount of $2,555.47. In the findings of fact, the trial court noted:
 

 *76
 
 3. The custody issue was settled by Court Order, effective 10/ 01/2013. The Plaintiff has the child residing with her 225 nights per year, and the Defendant has the child residing with him 140 nights per year.
 

 ....
 

 6. The Defendant addresses the Court and requests a deviation from the North Carolina Child Support Guidelines. The Defendant tells the Court that he wishes to pay the sum of $325.00 per month, of which $268.25 should apply toward the current child support, and of which $56.75 should apply toward the arrears. The Defendant added the daycare expense to the medical insurance premium that the Plaintiff pays and divided that number by two to get the $325.00 that he wishes to pay.
 
 [2]
 

 The December 2013 order was not appealed. On 16 January 2014, defendant filed a motion to modify the December 2013 child support order stating that "[a]t the time of current support order I agreed to pay more than the guidelines. I can no longer afford this amount and request that it be reduced to the guideline amount."
 

 In June of 2014, after a hearing regarding defendant's motion to modify child support, the trial court found as fact:
 

 3. The Plaintiff told Defendant prior to the October hearing that if Defendant did not ask the Court for a deviation and agree to this amount, that Plaintiff would not allow Defendant to see their son.
 

 4. Fearing that Plaintiff would indeed keep their son from him, Defendant asked the Court during the October 9, 2013 hearing to deviate from the N.C. Child Support Guideline Amount of $51.00 per month (substantially lower than the $268.25 he was fraudulently coerced into paying). No findings were made regarding the ability of Defendant to pay or the needs of the child justifying deviation of the ordered amount....
 

 *77
 
 5. Defendant's fear that he would be kept from his son was reasonable considering the past conduct of the Plaintiff toward the Defendant.
 

 ....
 

 10. Plaintiff has custody of the parties' child ... for 225 nights per year. Defendant has custody of the parties' child for 140 nights per year.
 

 The trial court further found "[t]he Court herein,
 
 sua sponte,
 
 after considering the substance of Defendant's pleadings and testimony, allows amendment of Defendant's pleadings to conform to the evidence per N.C. R. Civ. P. 15(b) and will consider such as a Motion for Relief and a Motion to set a temporary child support payment." Ultimately, the trial court granted its own
 
 sua
 

 *134
 

 sponte
 
 motion for relief from judgment and temporarily modified child support to $69.00 "toward the current child support" and $56.75 "toward the arrears" with permanent child support to be set at a later date.
 

 In September of 2014, Deana St. Peter filed a motion to intervene. In November of 2014, after a hearing on Ms. St. Peter's motion to intervene and permanent child support, the trial court allowed the motion to intervene and ordered defendant to pay $92.00 per month as permanent child support. Intervenor appeals both the June and November 2014 orders.
 

 II. Basis for Appeal
 

 Defendant contends that
 

 appellant's appeal should be dismissed because she failed to appeal Judge Fox's [June 2014] Rule 60 order within thirty days, thereafter failed to request a deviation from the child support guidelines prior to obtaining the permanent child support order filed November 6, 2014, and by making no reference to such permanent order in her statement of proposed issues in the record on appeal, or in the substantive argument in her brief.
 

 (Original in all caps.) (Quotation marks omitted.) But the June 2014 order was clearly a temporary and thus interlocutory order.
 
 See
 

 Banner v. Hatcher,
 

 124 N.C.App. 439
 
 , 441,
 
 477 S.E.2d 249
 
 , 251 (1996) ("As we have recognized, an order providing for temporary child support is interlocutory and not an immediately appealable final order.") Intervenor's notice of appeal was filed within thirty days of the final November 2014 order setting permanent support and specifically appealed from both the June and November 2014 orders. Defendant further seems to argue that
 
 *78
 
 because intervenor allegedly did not request deviation from the Child Support Guidelines at the hearing for the permanent order, she cannot make that argument here. Yet intervenor does not actually make this argument on appeal; intervenor's arguments are all focused on the errors in the June 2014 interlocutory order and do not ask this Court to address whether a deviation from the child support guidelines is appropriate. Finally, it is of no concern that intervenor did not make any substantive argument regarding the November 2014 order. Intervenor argues that the November 2014 order was entered in error because it was based upon the erroneous June 2014 interlocutory order and thus focuses her arguments on that prior order; this is entirely logical and permissible, and therefore we will consider plaintiff's arguments on appeal.
 

 III. June 2014 Order
 

 Intervenor first contends that "the trial court abused its discretion in utilizing N.C. R. Civ. P. 15(b) to
 
 sua sponte
 
 amend defendant's motion to modify child support to be treated as a motion for relief under N.C. R. Civ. P. 60(b)." (Original in all caps.) Intervenor argues that she was prejudiced by the trial court's spontaneous motion as she had no notice that relief from judgment would be sought, particularly on the grounds of fraud. We agree.
 

 North Carolina Rule of Civil Procedure 15(b) provides that
 

 [w]hen issues not raised by the pleadings are tried by the express or implied
 
 consent of the parties,
 
 they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, either before or after judgment, but failure so to amend does not affect the result of the trial of these issues.
 
 If evidence is objected to at the trial on the ground that it is not within the issues raised by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be served thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.
 

 N.C. Gen.Stat. § 1A-1, Rule 15(b) (2013) (emphasis added).
 

 *79
 
 In
 
 Jackson v. Jackson,
 
 this Court vacated portions of a trial court's order which amended
 
 *135
 
 the pleadings pursuant to North Carolina Rule of Civil Procedure 15(b) :
 

 The Rules of Civil Procedure provide for and encourage liberal amendments to conform pleadings and evidence after entry of judgment under Rules 15(b), 59 and 60.
 
 Discretion in allowing amendment of pleadings is vested in the trial judge and his ruling will not be disturbed on appeal absent a showing of prejudice to the opposing party. However, notwithstanding such discretion and despite the broad remedial purposes of these provisions, Rule 15(b) and Rule 59 do not permit judgment by ambush.
 

 Our Supreme Court has held that an amendment under Rule 15(b) is appropriate only where sufficient evidence has been presented at trial
 
 without objection
 
 to raise an issue not originally pleaded and where the parties understood, or reasonably should have understood, that the introduction of such evidence was directed to an issue not embraced by the pleadings. Under Rule 59, where a trial court opens an order, makes additional findings of fact and conclusions of law, and enters an amended order, the reasoning must be the same.
 

 Here, the record indicates that the trial court held a hearing on 19 December 2006 to address plaintiff's third and fourth motions for order to show cause and order of contempt and defendant's motion to dismiss, motion for a more definite statement, and motion for sanctions and attorney's fees with respect to plaintiff's fourth motion for order to show cause and order of contempt. The record gives no indication either party understood or reasonably should have understood the evidence presented or the arguments made to be grounds for the modification of custody made by the trial court when it entered its Contempt Order. Furthermore, pursuant to subsequent motions to modify, the trial court entered an Amended Order amending its Contempt Order, but did not elect to take any new evidence.
 

 Despite re-captioning the Contempt Order "Order Modifying Custody Order and for Contempt, and for
 
 *80
 
 the Appointment of a Parenting Coordinator" the trial court effectively denied both parties an opportunity to submit evidence or present arguments regarding custody modification.
 

 192 N.C.App. 455
 
 , 462-64,
 
 665 S.E.2d 545
 
 , 550-51 (2008) (citations, quotation marks, ellipses, and brackets omitted).
 

 In this case, there were substantial differences between the motion defendant filed and noticed for hearing and the motion the trial court ruled upon
 
 sua sponte. See generally
 
 N.C. Gen.Stat. §§ 1A-1, Rule 60(b)(3) ; 50 -13.7(a) (2013). North Carolina General Statute § 50-13.7 allows a child support order to be modified based upon "a showing of changed circumstances [;]" this type of motion calls for evidence "of changed circumstances by either party or anyone interested" which would justify modification of the child support obligation. N.C. Gen.Stat. § 50-13.7(a). North Carolina Rule of Civil Procedure Rule 60 provides that a party may be entirely relieved from a judgment upon a showing of "[f]raud ..., misrepresentation, or other misconduct of an adverse party;" this type of motion would call for evidence of fraud or misconduct of a party which caused the order to be entered. N.C. Gen.Stat. § 1A-1, Rule 60(b)(3). Thus, North Carolina General Statute § 50-13.7 and North Carolina Rule of Civil Procedure Rule 60 require vastly different evidentiary showings and provide for different forms of relief.
 
 See generally
 
 N.C. Gen.Stat. §§ 1A-1, Rule 60 ; 50 -13.7. The difference between the two statutes is much more than, as the trial court stated, "semantics" or "split[ting] hairs."
 
 See generally
 
 N.C. Gen.Stat. §§ 1A-1, Rule 60 ; 50 -13.7.
 

 Under Rule 15(b), the defendant's evidence regarding "fraud" or "coercion" was "objected to at the trial on the ground that it is not within the issues raised by the pleadings[;]" so the trial court could allow the pleadings to be amended and "shall do so freely"
 
 if
 
 (1) "the presentation of the merits of the action will be served thereby[,] and [ (2) ] the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits." N.C. Gen.Stat. § 1A-1, Rule 15(b). In addition, even if the trial court believes that the evidence
 
 *136
 
 will serve "the merits of the action[,]" the trial court may consider granting "a continuance to enable the objecting party to meet such evidence."
 

 Id.
 

 Here, the trial court found that intervenor was not prejudiced because "the child support order is temporary and Plaintiff has the representation of a knowledgeable and prepared attorney. Further, Plaintiff is aware of her own actions to fraudulently coerce Defendant to pay more child support than he owes under the Guidelines and more than he can afford to pay."
 
 *81
 
 First, "the child support order is temporary" is an ambiguous finding of fact. Presumably, the trial court was referring to the order which it was actually entering which vacated the December 2013 order and set temporary child support with another hearing to establish a permanent obligation. However, the fact remains that the existing permanent order was being set aside, without prior notice to intervenor of any motion to do so, to allow entry of a new temporary order followed by a new permanent child support order, without any showing of a change in circumstances. The trial court's action was prejudicial to intervenor, particularly since the trial court did not allow a continuance which would at least permit intervenor the opportunity to prepare for a hearing on a Rule 60 motion.
 

 Defendant filed a motion to modify child support based
 
 only
 
 upon a change in his financial circumstances, and thus, as intervenor's attorney explained, intervenor came to the hearing prepared to present evidence regarding a lack of change in financial circumstances. Since the trial court
 
 sua sponte
 
 changed defendant's motion to modify into a Rule 60 motion, plaintiff was entirely without notice that the issue of alleged fraud would be addressed at the hearing. Based upon defendant's motion, plaintiff could expect that the trial court would be considering only the financial circumstances of the parties and the burden would be upon defendant to show how his circumstances had changed since entry of the prior order. See generally N.C. Gen.Stat. § 50-13.7. But despite intervenor's attorney's objections, including objections to the lack of prior notice of any allegations of fraud in entry of the prior order and the resulting prejudice, the trial court chose to set aside the entire prior child support judgment. The trial court's
 
 sua sponte
 
 action placed intervenor in an entirely different procedural posture with substantively different issues to defend than were raised by the motion to modify child support.
 

 We conclude that by
 
 sua sponte
 
 raising and granting a Rule 60 motion on defendant's behalf, the trial court abused its discretion and created a "judgment by ambush."
 
 Jackson,
 

 192 N.C.App. at 462
 
 ,
 
 665 S.E.2d at 550
 
 . Therefore, we vacate and remand the trial court's June 2014 order. Since the later order was based entirely upon the June 2014 order, we also vacate the November 2014 order setting permanent child support. Because we are vacating the June 2014 order and remanding for entry of a new order addressing defendant's motion to modify child support, we need not address intervenor's other issues on appeal, but we will address some issues that may arise on remand to provide guidance to the trial court.
 
 [3]
 

 *82
 
 In the June 2014 order, the trial court failed to make any findings of fact regarding any change in circumstances from the time of the October 2013 hearing on the permanent child support order until the date of the March 2014 hearing on the motion to modify. On remand, the trial court should consider defendant's motion to modify as it was filed, based upon his allegations and the evidence of both parties regarding the alleged change in circumstances presented at the hearing on 5 March 2014, and should make findings of facts and conclusions of law based upon those allegations and that evidence. In addition, for guidance on remand, we note that the trial court's findings of fact could not in any event properly support a conclusion of law that plaintiff committed "fraud upon the defendant
 
 [4]
 
 :
 

 *137
 
 While fraud has no all-embracing definition and is better left undefined lest crafty men find a way of committing fraud which avoids the definition, the following essential elements of actionable fraud are well established: (1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injury party.
 

 A subsisting or ascertainable facts, as distinguished from a matter of opinion or representation relating to future prospects, must be misrepresented.
 

 Ragsdale v. Kennedy,
 

 286 N.C. 130
 
 , 138-39,
 
 209 S.E.2d 494
 
 , 500 (1974) (citations omitted).
 

 The "representation" found by the trial court was plaintiff's alleged statements that she would not allow defendant to see their son in the future unless he agreed to the child support deviation from the guidelines.
 

 Id.
 

 Based upon the trial court's findings, this "representation" was not "false [,]" nor was it a representation of past or existing fact; rather, it was a representation of plaintiff's belief or intention regarding her future actions.
 

 Id.
 

 If she were to follow through on her statements and not allow defendant to see their son in violation of the custody order, her
 
 *83
 
 action would be potentially punishable by contempt, but her statement of intent was not fraudulent.
 
 [5]
 

 See
 
 id.
 

 Since the trial court made no substantive conclusions of law, we cannot discern if the order was based in the alternative upon the trial court's determination that in the December 2013 order "[n]o findings were made regarding the ability of Defendant to pay or the needs of the child justifying deviation of the ordered amount[,]" and thus deviation from the child support guidelines was in error. The December 2013 order was not appealed by either party. Even assuming
 
 arguendo
 
 that the December 2013 order should have included additional findings of fact supporting deviation, one district court judge cannot overrule another.
 
 See generally
 

 Calloway v. Motor Co.,
 

 281 N.C. 496
 
 , 501,
 
 189 S.E.2d 484
 
 , 488 (1972) ("The well[-]established rule in North Carolina is that no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action.") On remand, the trial court must consider the December 2013 order as a valid and enforceable order and base its ruling
 
 only
 
 upon defendant's motion for modification.
 
 [6]
 

 IV. Conclusion
 

 For the foregoing reasons, we vacate the June and November 2014 orders and remand for entry of an order consistent with this opinion addressing defendant's motion for modification of child support based upon the hearing held on 5 March 2014.
 

 VACATED and REMANDED.
 

 Judges CALABRIA and INMAN concur.
 

 [1]
 

 These background facts were alleged in the complaint in this case.
 

 [2]
 

 Based on the transcript of the hearing defendant explained to the trial court how he determined the amount and requested "a court order" be entered according to the parties' prior "verbal agreement" to the deviation.
 

 [3]
 

 This opinion has no effect upon other subsequent orders issued by the trial court regarding other issues such as child custody and domestic violence.
 

 [4]
 

 The trial court made no actual conclusions of law about fraud or coercion beyond any which may be mixed with the findings of fact but simply granted "Defendant's amended pleadings of Motion for Relief and Motion to Set Temporary Current Child Support and Arrearage Payment[.]"
 

 [5]
 

 Intervenor did not admit to the statements defendant claimed she had made, and we are basing this discussion only upon the trial court's findings of fact.
 

 [6]
 

 Of course, both intervenor and defendant remain free to file any new or additional motions they wish, and we express no opinion on any potential future proceedings beyond the remand of the orders on appeal.